## T. FERGUSON V. THE STATE.

No. 19395.   Delivered February 9, 1938.
Rehearing denied March 23, 1938.

The opinion states the case.

*M. E. Gates,* of Huntsville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—The conviction was for violating the local option law, the punishment being assessed at a fine of one hundred dollars.

The statement of facts is wholly in question and answer form, and it is not certified by the county judge that such questions and answers were necessary to elucidate the matters involved. Under a uniform line of decisions we will not consider such statement of facts. See 4 Texas Jur., p. 405, and many authorities there cited.

In the transcript we find only two bills of exception. The first bill relates to a supposed search of the State's witness by the sheriff of Madison County, and the finding upon him of a bottle of whisky. In the absence of a statement of facts this bill of exception can not be considered by us.

In bill of exception No. 2 appellant complains of the verdict of the jury, said bill reflecting the following: The jury returned into court their verdict as follows: "We jurors find the defendant guilty and assess his fine at $100.00. O. N. Pagett, Foreman." The court received this verdict and read same to the jury and asked the jury if that was their verdict, and the foreman of the jury replied in the affirmative; thereupon the court told the jury that they were discharged from further consideration of the case, and they separated and went into the main part of the courtroom. The county attorney at this point advised the court that he desired to rewrite the jury's verdict and have the same signed by the foreman of the jury, and he wrote a verdict as follows: "We the jury find the defendant guilty as charged in the information and assess his punishment at a fine of $100.00. O. N. Pagett, Foreman." The court called the jury back inside the bar rail and around the judge's bench and submitted to them the verdict as prepared by the county attorney, and the foreman of the jury erased the former verdict and signed the verdict as prepared by the county attorney, which the court received as the verdict herein.

The first verdict was a good verdict. Mr. BRANCH in his Annotated P. C., p. 331, lays down the following doctrine: "Verdicts should receive a liberal rather than a strict construction, and if the finding of the jury can be reasonably ascertained the

verdict should be held good as to form. The object should be to ascertain the intention of the jury," citing many cases.

Again we quote from Branch's Ann. P. C.: "The misspelling of or the omission of the word 'jury,' or the use of the word 'juror' or 'jurors' instead of the word 'jury' will not vitiate an otherwise good verdict."

Again "Bad spelling or bad grammar will not vitiate a verdict if the intention of the jury can reasonably be ascertained," citing many cases.

It seems clear to us that the jury intended to find the defendant guilty, and to assess his punishment at a fine of one hundred dollars.

Finding no error in the record, the judgment is affirmed.

## ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant renews his complaint that after the jury was discharged the court reassembled them and permitted them to amend the verdict. It may be appellant is right in his criticism of such procedure, but it will be noted that the change made in the verdict originally returned was only as to form and affected the verdict in no material way. The verdict as originally returned was perfectly good, and a judgment entered thereon would have been precisely the same as the one entered on the amended verdict. The cases cited by appellant are those where material changes were made in the verdict, or where the verdict was received by the court and then an attempt made to ignore in the judgment a part of the verdict. The present case presents no such situation. It is more like Layman v. State, 126 Texas Crim. Rep. 533, 73 S. W. (2d) 97.

It would have been more regular, we think, to have entered judgment on the verdict as originally returned into court, and the judgment will be reformed, basing it on said original verdict.

The motion for rehearing is overruled.