## CHARLES CONEY v. THE STATE.

AGGRAVATED ASSAULT—CHARGE OF COURT.—It is error to instruct the jury, on the trial of one charged with aggravated assault, to return a verdict of guilty if they find defendant inflicted a serious bodily injury on the party assaulted, when that was not alleged as a ground of aggravation in the indictment.

APPEAL from Travis. Tried below before the Hon. J. P. Richardson.

*Terrell & Walker*, for appellant.

*G. Davis*, also for appellant.

*George Clark*, Attorney General, for the State.

ROBERTS, CHIEF JUSTICE.—The defendant was charged and convicted of an aggravated assault and battery.

The matters alleged to raise the offense to an aggravated instead of a simple assault and battery were that the defendant " with premeditated design, with a certain deadly weapon, to wit, a glass beer tumbler, a means calculated to inflict a great bodily injury," did assault, strike, &c.

There was very slight evidence, if any, of premeditation, but much more that there was inflicted a serious bodily injury on the person assaulted.

The court charged the jury that they might find the defendant guilty of an aggravated assault and battery if he inflicted a serious bodily injury on the party assaulted, which was not alleged as a ground of aggravation in the indictment.

This charge was erroneous, because it enabled the jury to find, and from the evidence it may be concluded most likely did cause them to find, the defendant guilty of an aggravated assault and battery on a ground which was not set forth in the indictment. And from the pertinency of this erroneous charge to the evidence it cannot be regarded as an abstraction, not affecting the trial of the cause.

This being an error sufficient to reverse the case it will be unnecessary to notice other less important matters complained of.

Judgment reversed and cause remanded.

REVERSED AND REMANDED.