## DAN WILLIAMS *v.* THE STATE.

AGGRAVATED ASSAULT. — An instruction to the jury which directed them to convict on proof of a different circumstance of aggravation than that charged in the information was erroneous.

APPEAL from the County Court of Fort Bend. Tried below before the Hon. J. C. WILLIAMS, County Judge.

*W. L. Davidson,* for the appellant.

*Thomas Ball,* Assistant Attorney-General, for the State.

WINKLER, J. The appellant was convicted of an aggravated assault. The information charges as the circumstance of aggravation that the alleged assault was made with a

stick, — a deadly weapon.   On the trial, the court, amongst other things, charged the jury as follows : " If you believe from the evidence that the defendant, Dan Williams, with a stick, as charged in the indictment, struck Jacob Huberly upon the head, or any portion of his body, inflicting a serious bodily injury upon him, the said Jacob Huberly, then the defendant is guilty of an aggravated assault, as charged in the indictment ; or, if you believe from the evidence that the defendant, Dan Williams, committed the assault upon Jacob Huberly with a deadly weapon, under circumstances not amounting to an intent to murder or maim, then the defendant is guilty of an aggravated assault."

The defendant, by his counsel, excepted to this charge, and reserved the point by a bill of exceptions, taken at the time, which is embodied in the record.   The first part of this charge is erroneous, for the reason that it submits to the jury an issue not contained in the information, thereby allowing the jury to convict on proof of a cause of aggravation not averred against him.   This was an error to the prejudice of the defendant.   *Coney* v. *The State*, 43 Texas, 414.   Because of this error the judgment is reversed and the cause remanded.

*Reversed and remanded.*