## W. H. KENNEDY *v.* THE STATE.

1. PRACTICE. — An indictment presented in the District Court on the 19th of August was by mistake of the clerk indorsed filed August 18th. The indictment being for a misdemeanor, it was transferred to the County Court, which tribunal, over the objections of the accused, permitted its clerk to correct the file-mark of the district clerk as to the date of filing the indictment. *Held*, error. If a correction of the file-mark was necessary, the case should have been sent back to the District Court, and the correction made in the court where the paper was originally filed, but it was not competent for the clerk of the County Court to correct or change what had been done in a different tribunal. *Held, further*, that the error is immaterial, it appearing from the transcript that the District Court was in session both on the 18th and 19th of August, and by its entry of record fixed and perpetuated the fact and date of the presentation of the indictment.

2. VARIANCE — PRESUMPTIONS. — In cases of variance as to dates between the clerk's file-mark on an indictment and the record-entry of its presentation, the latter will control, as its entries of record made during the sessions of court import verity, the presumption being that the court acts not only legally, but also accurately and correctly, with reference to dates and times.

3. CHARGE OF THE COURT. — An accused being on trial under a charge of aggravated assault and battery, the court charged the jury that "if they believed from the evidence that the defendant committed an assault and battery, unattended with circumstances of aggravation, they should acquit him of aggravated assault and battery and find him guilty of simple assault." *Held*, error. The charge is a substantial direction to the jury that they must convict the defendant of either an aggravated or simple assault, and leaves no option for an acquittal.

4. SAME. — In charging upon aggravated assault and battery, it is error to submit to the jury different grounds of aggravation than the one declared on in the indictment, the State being held to proof of the particular ground of aggravation charged.

5. EVIDENCE. — When an offence may be committed in various modes, the particular mode charged in the indictment must be proved upon the trial, and evidence tending to prove the commission of the offence in any other mode is incompetent by reason of variance.

APPEAL from the County Court of Delta. Tried below before the Hon. C. S. NIDEVER, County Judge.

The facts upon which the rulings are based are sufficiently indicated in the opinion of the court.

No brief for appellant has reached the hands of the reporters.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, P. J. The cause, being a misdemeanor, was transferred from the District to the County Court for trial. In making out the transcript, the district clerk had committed an error in the date of the filing of the indictment, having indorsed it "filed the 18th of August," when the record of its presentment by the grand jury showed that it had not been presented by them until the 19th. A motion was made by the county attorney that the county clerk be

permitted by the court to correct the file-mark of the district clerk as to the date, and the motion was granted and correction made, over objections of defendant, as shown by his bill of exceptions. This was clearly erroneous. If the filing could be corrected at all, it could only have been done by the clerk of the court and in the court where the paper was originally filed. Another clerk and another court cannot so correct and change what has been done in a different tribunal. If it had been necessary to correct the file-mark, that might have been done in the District Court by sending it back there, to the end that the proper proceedings might be taken. *Nettles* v. *The State*, 4 Texas Ct. App. 337.

But was the error a material one, requiring correction at all? We think not. There is no question but that the mistake in date is entirely clerical. It further appears from the transcript that the District Court was in session both on the 18th and 19th. The records must show the fact of the presentment of the indictment, and that fact must be entered of record. Code Cr. Proc., art. 415. This was done, and the date upon which it was done was perpetuated and shown with certainty by the record. Under such circumstances, the record would be the surest and best evidence of the fact both of the date and the presentment, and in case of variance in the dates of the filing the record would control; and in fact in all cases it fixes the date whilst the court is in session, for courts are presumed in their proceedings to act not only legally, but accurately and correctly, with regard to their dates and times. If the filing of the indictment had shown an impossible date, or one when the court was not in session, then the case would be entirely different, and the date of the filing by the clerk might become a most material matter.

In this case we cannot perceive where there was any chance that the defendant could be injured; because the proposed correction was only with a view to make the act of the clerk conform with the record evidence as to date,

it not being controverted, questioned, or denied but that the record evidence was correct.  Suppose there had been no file-mark upon the indictment, would the failure or omission of the clerk invalidate the indictment?  By no means; because the omission or failure of the clerk in this respect could be supplied, and would be, by reference to the records, kept and authenticated by the court.  These records, and they alone, import verity with regard to judicial proceedings.  Then, whilst the action of the County Court in permitting its clerk to correct the action of the district clerk was clearly erroneous, still the error was not of a material character, or in any conceivable manner calculated to injure the rights of defendant, and of itself would not require a reversal of the judgment.

There is, however, in this case a radical error in the charge of the court, which was called to the attention of the court at the time and a bill of exceptions saved, which we find incorporated in the record.  The charge objected to was in these words : " If the jury believe from the evidence that the defendant committed an assault and battery upon Wilson Baker, unattended with circumstances of aggravation, they will acquit him of an aggravated assault and battery and find him guilty of simple assault and battery, and assess his punishment by fine not less than five dollars nor more than twenty-five dollars."  Under this instruction there was no chance of defendant's acquittal of a simple assault; in fact, the jury were told that if they could not convict of an aggravated, they must find him guilty of a simple assault, and the only question was really as between the two degrees, and defendant was convicted of simple assault.  The charge having been excepted to at the time and a bill of exceptions reserved, appellant is entitled to have his case reversed on account of the error.  *Hobbs* v. *The State*, 7 Texas Ct. App. 117.

The charge of the court is further erroneous in that it presented and submitted other and different grounds of

aggravation than the one declared on in the indictment. In the indictment the aggravation was that the assault was committed with a knife, " a deadly weapon." Having charged it was done with " a deadly weapon," the State was bound to prove that particular ground, and would not be authorized to resort to any of the other nine grounds mentioned in the statute. Penal Code, art. 496. Instead of limiting and restricting the investigation to the charge made in the indictment, the court instructed the jury with regard to two other circumstances of aggravation mentioned in the statute, viz.: " serious bodily injury inflicted upon the person assaulted," and when committed with premeditated design and " by the use of means calculated to inflict serious bodily injury." This was error. " The charge and proofs must conform to, and should be limited by, the specific offence as set forth in the indictment, except in cases admitting of lesser degrees, where it may be necessary to present the law applicable to such degrees." *Kouns* v. *The State*, 3 Texas Ct. App. 13; *Coney* v. *The State*, 43 Texas, 414.

The general rule in criminal pleading is, that if an offence may be committed in various modes, the party charged is entitled to have that mode stated in the indictment which is proven at the trial; and when one mode is stated, and proof of the commission of the offence by a different mode is offered, such evidence is incompetent by reason of variance. *The Commonwealth* v. *Richardson* (126 Mass. 34), 2 Am. Cr. Rep. (Hawley) 612; *Tooney* v. *The State*, 5 Texas Ct. App. 163; *Roach* v. *The State*, 8 Texas Ct. App. 478.

For the errors indicated and discussed above, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*