## WILLIAM RANDLE *v.* THE STATE.

1. ADULTERY — CHARGE OF THE COURT.— Under the Revised Penal Code, adultery may be committed either by cohabitation and carnal intercourse or by habitual carnal intercourse without cohabitation; but when only one of these modes is charged, it is radical error to instruct for conviction if the evidence establishes the other mode.

2. VARIANCE.— The rule that the material allegations and the proof must meet and correspond obtains in criminal as well as in civil causes.

3. EVIDENCE — PRACTICE.— When the State has charged the commission of the offense in one of several modes in which it could have been committed, the inculpatory evidence and the instructions to the jury should be restricted to the particular mode charged.

4. SAME — PRACTICE IN THIS COURT.— If the commission of the offense be charged in a particular manner, and a conviction be had on evidence and instructions predicated on its commission either in the manner charged or in a different manner, the conviction will be set aside on appeal because of the uncertainty whether the verdict was upon the accusation preferred against the appellant.

APPEAL from the County Court of Robertson. Tried below before the Hon. J. E. CRAWFORD, County Judge.

The case is sufficiently indicated in the opinion of this court. A fine of $125 was the punishment assessed. No exception to the charge of the court, prior to the motion for a new trial.

No brief for the appellant.

*H. Chilton,* Assistant Attorney General, for the State.

WHITE, P. J. There are two modes by which the crime of adultery as defined in the Code may be committed. 1st. Where the man and woman live together and have carnal intercourse with each other. 2d. Where they have habitual carnal intercourse with each other, without living together. See Penal Code, art. 333.

It is a rule of practice which obtains in criminal as well as civil actions that the allegations upon which the action is founded and the proof adduced must meet and correspond. It is a further rule well settled and established that, where a particular fact or circumstance is alleged as constituting or forming a part of the descriptive identity of the offense charged, the prosecution is held and limited to that particular state of facts in the proofs adduced to establish the crime; and, further, the court in its charge to the jury is also limited to the matter charged as constituting the offense, and that to submit to the jury in the charge other matters constituting the offense which are not alleged is a radical and fundamental error, which will necessitate a reversal because this court cannot ascertain in such case whether or not the party may not have been convicted on matters not charged against him in the indictment or information. In other words, where the allegation is descriptive of the offense, the guilt of defendant must be found, if at all, upon the ground alleged in the information or indictment.

In the case before us the adultery is alleged in the information to consist in the fact that the parties *unlaw-*

*fully lived together* and carnally knew each other.   In the charge to the jury the court instructed them in substance that if they believed the parties had *habitual carnal knowledge* of each other, that would be sufficient, without proof of an actual living together.   This charge was erroneous; "and from the pertinency of this erroneous charge to the evidence, it cannot be regarded as an abstraction not affecting the trial of the cause."   *Coney* v. *State*, 43 Tex. 414.   On the contrary the charge was radically erroneous; and for this error the judgment is reversed and the cause remanded.

*Reversed and remanded.*