. [Crim. No. 727. Third Appellate District.—November 8, 1923.]

## THE PEOPLE, Respondent, v. JOE HUBER, Appellant.

[1] CRIMINAL LAW—VIOLATION OF SECTION 21 OF MOTOR VEHICLE ACT —SUFFICIENCY OF INFORMATION.—Although there are a number of things required to be done by section 21 of the Motor Vehicle Act in the event of a collision with or injury to a person on the highway, an information following the language of that statute charges but one offense, and is sufficient against demurrer.

[2] ID.—FAILURE TO GIVE INFORMATION TO BYSTANDER — EVIDENCE.— In a prosecution for violating the provisions of section 21 of the Motor Vehicle Act, the defendant is not injured by the action of the trial court in permitting the son of the injured person (who was with his father at the time of the accident) to testify that defendant did not give him (the witness) any of the information required by the act to be given to the injured person, where defendant's own statement shows that he drove on some little distance, merely stopped, did not get out of the machine, did not go back to the scene of the collision, but drove away and remained away until apprehended by the officers.

[3] ID.—COLLISION WITH PERSON ON HIGHWAY—DUTY OF DRIVER.— In the event of a collision with or injury to a person on the highway, the driver must stop his automobile as soon as reasonably possible, return to the scene of the collision and offer to do all and singular the acts required by section 21 of the Motor Vehicle Act, and he is not excusable if he simply stops his machine, looks back, learns nothing of what he has done, and then drives on, leaving his helpless victim to the tender mercies of chance passersby.

[4] ID.—STRIKING DOWN PERSON ON HIGHWAY—THINGS REQUIRED TO BE DONE.—Giving the information required by section 21 of the Motor Vehicle Act is only a part of some of the things required to be done on the part of an automobile driver; and to render himself excusable it is necessary for the driver who strikes down a person on the highway to stop his machine and stand ready and offer to comply with the various provisions of that act; and because he cannot do all, he cannot be excused for failure to do and perform all and singular the acts which he might have done.

APPEAL from a judgment of the Superior Court of Lassen County. ˙H. D. Burroughs, Judge. Affirmed.

The facts are stated in the opinion of the court.

Holl & Waggoner for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

PLUMMER, J.—The defendant was convicted of violating the provisions of section 21 of the Motor Vehicle Act approved May 10, 1915 (Stats. 1915, p. 397), and prosecutes this appeal therefrom. It appears from the transcript that along about 7 o'clock on the evening of the 23d of December, 1922, the defendant was driving a Ford automobile on one of the roads leading from the town of Susanville; that as he neared a small place called Halltown his car collided with and knocked down a man by the name of Steve Begley. Said Steve Begley and his son, Deryl Begley were walking along the highway toward their home; Deryl stepped to one side and the car passed him without doing any injury. The responsibility for the collision or injury has no place in this case. After knocking down Begley, the defendant continued on his course for some little distance; just how far the evidence does not clearly establish, the testimony being, according to various witnesses, from seventy feet to two hundred yards. After stopping his machine the defendant merely looked back and then drove on. There is no dispute in the testimony upon this point. The defendant did not take the witness-stand upon the trial of this case but at the coroner's inquest he did give his version of the incident and this version was introduced in evidence by the district attorney and is substantially as follows: I had been out hunting, came back to town, had supper, went to a bakery-shop, I drove around town a few minutes, took my car and started to go home, there were lots of cars going with bright lights that were blinding my eyes. I tried to speed along up a little hill and bang, I never saw that man before. I thought the machine had passed. I got out and drove for about two hundred yards and stopped and saw nobody. The windshield was broken and I thought I had hit a man and drove over and around by the butcher-shop to Emigs. Mr. Goodfellow came in and asked me where I hit a man and I said I did not hit a man. I was down there with another fellow at the cabin and he said, "Joe, it is better that you go over there and report it," and I walked in the house and took a

64 Cal. App.—23

drink. I was so excited myself and thought I had hurt a man a little. Then I took a drink and the sheriff came in and wanted to take the bottle out of my pocket. Whether the defendant had been drinking prior to the collision does not appear from the testimony. Suffice it to say that he was not prosecuted under any provisions of the Motor Vehicle Act than those contained in section 21, hereinbefore referred to. Upon arraignment defendant interposed a demurrer setting forth eight different grounds why it should be sustained, the principal ones being that the information does not conform to the requirements of sections 950 and 952 of the Penal Code. [1] The charging part of the information, after giving date and place, reads as follows:

"Was then and there driving a motor vehicle, to wit, an automobile, and while so driving said automobile, said automobile struck and collided with a person, to wit, Steve Begley, as the said Joe Huber then and there well knew and although said Joe Huber knew that his said automobile had struck and collided with said person, Steve Begley, he, the said Joe Huber, did then and there unlawfully, willfully and feloniously fail and refuse to stop or cause to be stopped, either immediately or at all his said automobile, or to forthwith or at all render all necessary or any assistance to the said Steve Begley, the person who was then and there struck and collided with by the automobile so driven by the said Joe Huber and the said Joe Huber did then and there fail and refuse to carry the said Steve Begley to a physician or surgeon for medical or surgical treatment, and the said Joe Huber then and there failed and refused to give or cause to be given to the said Steve Begley the person collided with and struck by the automobile so driven by the said Joe Huber, the number of said automobile, or the name of the owner of said automobile or the name of the passenger or any passenger in the said automobile at the time of the said striking and collision aforesaid or at all."

It will thus be seen that the information is almost identical with the language used in section 21 of the Motor Vehicle Act. It is true that there are a number of specific things required to be done by that section in the event of a collision with or injury to a person on the highway, yet the information following the language of the statute, as above quoted, charges in fact but one offense. That but one offense

is charged is clearly established by the case of *People* v. *Barnnovich*, 16 Cal. App. 427 [117 Pac. 572]. It is the failure to comply with any one of the requirements of said section that renders the person so failing amenable to prosecution. It is not alleged in the information that any assistance was necessary to be given to the injured person, but the information nevertheless charges a complete offense in that it is therein stated in both clear and concise language that the defendant did not stop his automobile and also failed and neglected to give the information required by the statute. Having charged sufficient to constitute an offense the demurrer was properly overruled, even though it be admitted that the information does not with sufficient certainty show that any assistance should have been given by the defendant to Steve Beegley, the injured person. [2] It is also strongly contended that the court erred in permitting the witness Deryl Begley to testify that the defendant did not give him, the witness, any of the information required by section 21 of the Motor Vehicle Act to be given to the injured person. The statute does not in terms require such information to be given to a bystander, but we cannot very well see how the defendant has been injured by the admission of such testimony. His own statement shows that he drove on some little distance, merely stopped, did not get out of the machine, did not go back to the scene of the collision, but drove away and remained away until apprehended by the officers. Any jury of reasonable intelligence would necessarily know that no such information was given to anyone by the defendant for the simple reason that he did not return to where the collision had taken place to make it possible for him to comply with the terms and provisions of the statute. [3] The statute clearly means, if it means anything, that the defendant under such circumstances must stop his automobile as soon as reasonably possible, return to the scene of the collision, and offer to do all and singular the acts required by section 21 of the Motor Vehicle Act. It does not mean that a person under such circumstances is excusable if he simply stops his machine, looks back, learns nothing of what he has done, and then drives on, leaving his helpless victim to the tender mercies of chance passers-by. It cannot be the law that the innocence of an automobile driver depends upon his ignorance of the extent of

the injuries he has committed. [4] In this particular the appellant complains strongly of instruction number 14½, given by the trial court of its own motion. It is:

"You are instructed that if you find from the evidence in this case, to and beyond a reasonable doubt, that a motor vehicle driven by the defendant did strike one Steve Begley and that he, the said defendant knew that he had so struck the said Steve Begley and did fail to stop his said motor vehicle or stopping said motor vehicle immediately drove away and failed to do any of the things required to be done by him under the circumstances by the statute hereinabove read, and as charged in the information, then it is your duty to find the defendant guilty as charged in the information."

As we have shown, the defendant by his own testimony establishes the fact of his knowledge of having hit a man and also that he drove away without attempting or offering to render any assistance to the person injured or to do any of the things required by the Motor Vehicle Act under such circumstances. In this connection the appellant asked, and the court refused to give, the following instruction:

"A man cannot be guilty by reason of his failure to do a certain thing, unless he knows the facts which make it his duty to do that thing."

In other words, if the defendant failed to stop his machine, failed to make any inquiries to ascertain the damages or injuries inflicted upon the person with whom he had collided, and failed to do everything required to be done by the statute, then and in that case the jury should be told to acquit because the defendant was ignorant of what he should do under such circumstances. Again, we say we cannot subscribe to the doctrine that an automobile driver's innocence depends upon his ignorance of the extent of the injuries he has inflicted. Instruction number 16, given by the court at the request of the defendant, was certainly as favorable as could have been reasonably askel for. It is as follows:

"If you find that after the collision all assistance necessary was rendered to the person collided with, more promptly than it was possible for the defendant to have rendered it, and that the defendant had reason to believe and did believe that such assistance was being so rendered

then you should not find the defendant guilty because he did not personally render such assistance.''

As the defendant immediately drove away, did not return to the scene of the collision to learn what was being done, we do not see how the jury, even under so favorable an instruction could conclude that the defendant either believed or had any reason to believe that any assistance whatever was being given to Steve Begley unless it be that automobile drivers have the right to depend upon the humanitarian instincts of passersby who are not responsible for damages done or injuries inflicted. Nor do we think the defendant was injured by reason of the refusal to give instructions numbers 5, 6, 7, 8, and 9, which have to do with giving information to the person where the person to whom the information is to be given is unconscious or is in a condition unable to receive such information.

It appears from the testimony that the injured person was rendered unconscious and, of course, could not at the immediate time of the injury or within a short period thereafter and during the time he was unconscious have received such information. Giving the information required by the statute is only a part of some of the things required to be done on the part of an automobile driver, and to render himself excusable it is necessary for the driver who strikes down a person on the highway to stop his machine and stand ready and offer to comply with the various provisions of the Motor Vehicle Act, and because he cannot do all he cannot be excused for failure to do and perform all and singular the acts which he might have done. In this case, as we have seen, the defendant made no attempt to comply with any of the provisions of the law applicable in the event of collisions or injuries to persons or property upon the highway. The testimony shows an aggravated case fully warranting the verdict of the jury and the sentence imposed by the court, to wit, imprisonment in the state prison. The technical errors in the admission of testimony to which we have adverted relate to matters of which the jury had knowledge, and, therefore, could not in any manner have been prejudicial.

We think the judgment should be affirmed, and it is so ordered.

Hart, J., and Finch, P. J., concurred.