ANDREW MOORE v. THE STATE.

No. 21308. Delivered December 18, 1940.

The opinion states the case.

*Baskett & Parks,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant, a negro man, was charged by indictment with driving an automobile on a public street in the city of Dallas, Texas, about midnight on the 13th day of January, 1940, and striking one Orvelle Polly with said automobile, and refusing to stop and render "all necessary assistance to the said Polly in this ,to-wit: that the said Andrew Moore did then and there fail to stop and to carry the said Orvelle Polly to a physician and surgeon for medical and surgical treatment required by the said Orvelle Polly by reason of the said injury received as aforesaid," etc.

Appellant was by the jury convicted and given a term of two years in the penitentiary.

The testimony shows that appellant was driving an old sedan about midnight, on the date alleged, on Merlin Street, and near the house of Ellen Lofton, on one side of the street and the Central Freight Lines on the other side of the street, he struck a car belonging to Ellen Lofton, which was parked in front of her home. The night watchman for the Freight Company, who was upstairs on its property and could see out of the windows, stated that he heard one slight impact, and within a second or two he heard another louder crash; that he immediately looked out of the window and saw one car backing around another car, which first car immediately drove off; that it soon stopped and backed up and the driver thereof opened the door on the opposite side from the car he had struck, and stood up and looked out and then sat back down and drove off. This person was afterwards shown to be the appellant, whose defense was embodied in the statement that he did not know he had hit anyone in the accident. The night watchman immediately came downstairs and unlocked a gate and went across the lighted street to the scene of the accident, and there found a man's body lying diagonally behind the car that was struck. He immediately went back across the street and phoned for an ambulance. In about ten minutes the ambulance came and the man, Mr. Polly, was found to be dead. He evidently died from a hemorrhage of the stomach, there being evidence that the major portion of the blood in his body was in his stomach and was drawn therefrom by the undertaker, as shown by his testimony.

Appellant offers the proposition that the court should have charged the jury that "if Orvelle Polly was struck by defendant's automobile and death was instantaneous, then medical or surgical treatment would not have been either necessary or required, and under those conditions, the defendant having stopped, he would not be guilty of the offense charged."

In the first place it was appellant's duty to stop, regardless of whether or not anyone was injured,—see Garcia v. State, 96 S. W. (2d) 977; Bevil v. State, 141 S. W. (2d) 363; and further it is our opinion that the stop demanded by statute does not mean a stop for an instant, enabling but a cursory examination of the surroundings, but does mean a definite cessation of movement for a sufficient length of time for a person of ordinary powers of observation to fully understand the surroundings of the accident and to possess himself of an accurate knowledge of the results of the accident. We further observe that the mere fact that the injured person was found to be dead some few

minutes after the accident, would not be a sufficient excuse to absolve appellant from blame on account of a failure to stop an appreciable length of time.

We find in 42 Corp. Jur., p. 1385, Sec. 1451, the following: "The fact that an injured person is unconscious and so unable to receive the information required by the statute to be given him, or is dead and therefore not in need of assistance does not excuse the failure of the driver to stop or to comply with other provisions of the statute." In line with this text we find the case of People v. McKee, 251 Pac. 675, a California case, which law is practically the same as ours. We quote: "The second contention advanced by the defendant is that the evidence is not sufficient to support the verdict on the second count—that of failing to stop and render all necessary aid to Mrs. Fleming after she was struck. The insufficiency, he says, consists of this: That the evidence establishes that she was instantly killed, and therefore no assistance was possible. The testimony does establish that Mrs. Fleming was dead at least by the time the bystanders reached her. We cannot admit, however, even for the purpose of argument, that there was no assistance to be rendered. Certainly decency and common respect dictate that multilated humans should not be allowed to lie around in the street as mute evidence of the destruction wrought by speed. There was at least such assistance to be rendered as would comply with the respect due from one human to another who has passed beyond the veil of materiality. Let us, however, temporarily grant the argument; nevertheless, as was pointed out in People v. Huber, 64 Cal. App. 352, 221 P. 695, it was the defendant's duty under any view of the situation to stop his machine and stand ready to comply with the various provisions of the law, regardless of whether or not the person struck was sufficiently injured to require assistance or so seriously injured that assistance was no longer necessary to her material well-being. He made no attempt to comply and he certainly cannot be heard to say that he is guilty of no offense because the woman was killed instead of injured. Justice would indeed be 'blind' and deaf and dumb to heed such specious arguments."

The above case is very similar to the instant case. No one touched Mr. Polly's body for about ten minutes after the accident, at which time the police officer testified that he found no pulse on the body. We doubt the application of the doctrine of instant death in this case. Appellant testified that he hit the automobile but that he did not know that he had hit a man, and when he backed up he saw no man lying in the street,

although the night watchman testified that there was light from the street lights shining at such place. And again we do not think the short stop and then the drive away would meet the duty imposed upon him by statute, and therefore he was not entitled to the instruction requested.

We find in appellant's objections and exceptions to the court's charge an objection in that the charge authorized a conviction if defendant failed and refused to render "all necessary assistance," because same is broader than the charge in the indictment in that the indictment specifically charges that the "necessary assistance" he is charged with having failed to render was to carry said Orvelle Polly to a physician or surgeon for medical or surgical treatment. It is observed that the allegations in the indictment relative to such necessary assistance elaborates on the same as follows: "* * * in this, to-wit, that the said Andrew Moore did then and there fail to stop and to carry the said .Orvelle Polly to a physician and surgeon for medical and surgical treatment required by the said Orvelle Polly, by reason of the said injury, received, as aforesaid, by being struck by said automobile, * * *."

The portion of the court's charge complained of being as follows: "Now if you find and believe from the evidence, beyond a reasonable doubt, that the defendant, Andrew Moore, on or about the 13th day of January 1940, the time alleged in the indictment, in the county and state aforesaid, was the driver and person in control of a motor vehicle, towit, an automobile, in and upon a public street and highway, towit: Merlin Street, in the city of Dallas, Dallas County, Texas, and that the said automobile so driven and controlled by the said defendant did then and there strike and collide with one Orvelle Polly, and thereby injure the said Polly, and the said defendant, Andrew Moore, did then and there unlawfully fail and refuse to stop and render all necessary assistance to the said Orvelle Polly, then you will find the defendant guilty as charged in the indictment, and assess his punishment at confinement in the penitentiary for any time not to exceed five (5) years or imprisonment in jail for any time not exceeding one (1) year, or by fine in any sum not to exceed Five Thousand ($5,000.00) Dollars, or by both such fine and imprisonment in jail."

We think the trial court was in error in placing a greater burden on appellant than that required of him by the indictment in this case as above quoted. Since the pleader had seen fit to set forth the assistance required of appellant in the indict-

ment, it was necessary that the charge should follow the indictment and not enlarge thereon, and in the charge where the words "necessary assistance" appears the same should have been followed with the phrase specified in the indictment, that is, by failing to stop and carry the said Orvelle Polly to a physician and surgeon, etc.

It is elementary that the court's charge can not authorize a conviction for any other acts than those set forth in the indictment, and to authorize a conviction on any further matters than those set forth in the indictment is erroneous.

It is further the law that where particular facts and circumstances are set forth constituting the descriptive identity of the offense charged, the trial court is limited in his charge to those matters thus specifically alleged.

We held in the Tooney case, 5 Texas App. 192: "The charge must conform to and correspond with the allegations. To go outside of and beyond them, in submitting other issues, is not only calculated to mislead the jury, but also calculated to injure the rights of the defendant, by making them depend upon matters he could not be prepared to meet, because he was not notified that they would be urged against him. Coney v. The State, 43 Texas, 414; Kouns v. The State, 3 Texas Ct. App. 13; Ferguson v. The State, 4 Texas Ct. App. 156." And many other decisions holding practically the same.

Because of the error in the court's charge submitting to the jury "all necessary assistance" rather than the allegations in the indictment of taking the said Orvelle Polly to a physician and surgeon, etc., this judgment is reversed and the cause is remanded.