ROE MORGAN V. THE STATE.

No. 22375. Delivered January 20, 1943.

The opinion states the case.

*Nat Gentry, Jr.,* and *J. Y. Gray,* both of Tyler, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was convicted upon his plea of guilty before a jury, and was sentenced to a term of eighteen months in the State penitentiary.

He was charged by indictment with striking L. O. Breedlove with an automobile, and failing to stop and render aid to the person struck.

The charging portion of the indictment reads as follows: "Roe Morgan was then and there the driver of and in control of an automobile, and while operating and controlling said automobile did strike L. O. Breedlove with said automobile so driven by the said Roe Morgan, and did then and thereby and therewith injure the person of the said L. O. Breedlove and the said Roe Morgan did then and there unlawfully fail to stop and render to the said L. O. Breedlove, the person struck and injured as aforesaid, all necessary assistance in this, the said *L. O. Breedlove* did then and there fail to stop and to carry the said L. O. Breedlove to a physician and surgeon for

medical and surgical treatment required by the said L. O. Breedlove by reason of said injury received as aforesaid by being struck by said automobile so driven by and in control of Roe Morgan."

The part thereof questioned by appellant is that which says: "the said *L. O. Breedlove* did then and there fail to stop and to carry the said L. O. Breedlove to a physician and surgeon for medical and surgical treatment\* \*."

It will be noted that appellant had pleaded guilty to the indictment, surely with knowledge of the clerical error in the insertion of the name of L. O. Breedlove in place of appellant's name in the one instance where it was attempted to allege what assistance the injured person was needing. It is so clearly shown by the remaining portion of the pleading that the inadvertent substitution of the name of the injured party for appellant's name in one instance, when taken with the context, shows that the assistance required to be given the injured party was that he be taken to a physician and surgeon, not by himself but by appellant.

The gist of the herein charged offense is a failure to stop after having struck something or some one with an automobile, and we have heretofore said in Moore v. State, 140 Tex. Cr. R. 482, 145 S. W. (2d) 887, that "In the first place it was appellant's duty to stop, regardless of whether or not anyone was injured,—see Garcia v. State, 96 S. W. (2d) 977; Bevil v. State, 141 S. W. (2d) 363." We think it would not have been necessary to charge any further in the indictment than a failure to stop after the striking of Mr. Breedlove, the remaining portion of the statute, Art. 1150, P. C., being called into action only if aid or assistance should then be shown to be necessary; that such failure alone would have constituted a violation of the law; that all further allegations in the indictment could be treated as surplusage, and there would still be present a charged violation of the law.

A second contention relates to the trial court's additional instruction to the jury in that after the jury had deliberated upon their verdict, they returned into court the following request: "Just what is the least sentence that we can give the defendant in the pen? Walter H. Knight, Foreman." To which question the trial court answered:

"Gentlemen of the Jury: In response to your question as to what is the mimimum period in the penitentiary which can be assessed against a defendant, you are instructed, as you have been heretofore instructed in the main charge of the court, that the term 'imprisonment in the penitentiary not to exceed five years' means any period of time not to exceed five years."

The careful trial court merely repeated the instruction relative to punishment contained in the main charge, and we see no error in such a proceeding.

Finding no error in the record, the judgment is affirmed.