

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

January 22, 1952

Hon. Homer Garrison, Jr., Director
Texas Department of Public Safety
Austin, Texas      Opinion No. V-1390

               Re:   Applicability of the stat-
                   utory automatic driver's
                   license suspension to a
                   person involved in an ac-
                   cident with an attended
                   vehicle but involving no
                   personal injury and who
                   leaves the scene of the
Dear Sir:             accident without stopping.

        In your recent request you ask whether Section
24(a)4 of Article 6687b, V.C.S., (automatic suspension of
driver's license) applies to one convicted under Sections
39 and 40 of Article 6701d, V.C.S., (failure to stop when
in an accident where there is no personal injury) as well
as to one convicted under Sections 38 and 40 of Article
6701d, V.C.S., (failure to stop when in an accident in-
volving personal injury).

        Section 24(a)4, Article 6687b, reads:

        "(a) The license of any person shall be
automatically suspended upon final conviction
of any of the following offenses:

        " . . .

        "4. A conviction of a driver of a motor
vehicle involved in an accident or collision
upon a charge of <u>failure to stop, render aid,
and disclose his identity</u> at the scene of said
accident or collision." (Emphasis added through-
out this opinion.)

        Section 38 of Article 6701d provides:

        "(a) The driver of any vehicle involved
in an accident resulting <u>in injury to or death</u>
of any person shall immediately stop such vehicle

at the scene of such accident or as close
thereto as possible but shall then forth-
with return to and in every event shall
remain at the scene of the accident until
he has fulfilled the requirements of Sec-
tion 40. Every such stop shall be made
without obstructing traffic more than is
necessary.

"(b)  Any person failing to stop or
to comply with said requirements under
such circumstances shall upon conviction
be punished by imprisonment in the peni-
tentiary not to exceed five (5) years or in
jail not exceeding one (1) year or by fine
not exceeding Five Thousand ($5,000.00) Dol-
lars, or by both such fine and imprisonment."

Section 39 of Article 6701d provides:

"The driver of any vehicle involved in
an accident resulting only in damage to a
vehicle which is driven or attended by any
person shall immediately stop such vehicle
at the scene of such accident or as close
thereto as possible but shall forthwith re-
turn to and in every event shall remain at
the scene of such accident until he has ful-
filled the requirements of Section 40. Every
such stop shall be made without obstructing
traffic more than is necessary. Any person
failing to stop or to comply with said require-
ments under such circumstances shall be guilty
of a misdemeanor."

Section 40 of Article 6701d says:

"The driver of any vehicle involved in
an accident resulting in injury to or death
of any person or damage to any vehicle which
is driven or attended by any person shall give
his name, address, and the registration number
of the vehicle he is driving and shall upon
request and if available exhibit his operator's,
commercial operator's, or chauffeur's license
to the person struck or the driver or occupant
of or person attending any vehicle collided with
and shall render to any person injured in such
accident reasonable assistance, including the
carrying, or the making of arrangements for the

carrying, of such person to a physician, surgeon, or hospital for medical or surgical treatment if it is apparent that such treatment is necessary or if such carrying is requested by the injured person."

In order to fully understand Section 24(a)4 of Article 6687b, we must look to its history and that of the related act, Article 6701d, Sections 38, 39 and 40. This latter act repealed Article 1150, V.P.C., which made punishable the offense of failure to stop, render aid, and disclose the driver's identity. Atty. Gen. Op. V-700 (1948). Article 6687b was passed in 1941 and prescribed an automatic additional penalty for a person violating Article 1150, V.P.C. Article 1150 was enacted in 1917 and provides:

"Whenever an automobile, motorcycle or other motor vehicle whatsoever, regardless of the power by which the same may be propelled, or drawn, strikes any person or collides with any vehicle containing a person, the driver of, and all persons in control of such automobile, motor vehicle or other vehicle shall stop and shall render to the person struck or to the occupants of the vehicle collided with all necessary assistance including the carrying of such person or occupants to a physician or surgeon for medical or surgical treatment, if such treatment be required, or if such carrying is requested by the person struck or any occupant of the vehicle collided with; and such driver and person having or assuming authority of such driver shall further give to the occupant of such vehicle or person struck, if requested at the time of such striking or collision or immediately thereafter, the number of such automobile, motorcycle or motor vehicle, also the name of the owner thereof and his address, the names of the passenger or passengers not exceeding five in each automobile or other vehicle, together with the address of each one thereof. Any person violating any provision of this article is punishable by imprisonment in the penitentiary not to exceed five years or in jail not exceeding one year or by fine not

exceeding five thousand dollars or by both such fine and imprisonment."

Under Article 1150, in the event a driver was involved in a collision, he was required to:

(1) Stop his vehicle
(2) Render necessary aid
(3) Give information as to his identity.

The violation of any of these requirements was denounced as a crime. The fact that no one was injured in the accident did not alter the requirement imposed upon the driver and persons in control to stop or else be in violation of Article 1150. It was so stated in Morgan v. State, 145 Tex. Crim. 276, 167 S.W.2d 765 (1943), the Court saying:

"The gist of the herein charged offense is a failure to stop after having struck something or some one with an automobile, and we have heretofore said in Moore v. State, 140 Tex. Cr. R. 482, 145 S.W.2d 887, 888, that 'In the first place it was appellant's duty to stop, regardless of whether or not anyone was injured, see Garcia v. State, 131 Tex.Cr. R. 84, 96 S.W.2d 977; Bevil v. State [139 Tex. Cr. R. 513], 141 S.W.2d 362, 363.' . . . ."

It was this Act to which Section 24(a)4 of Article 6687b applied. In 1947, when Sections 38, 39 and 40 of Article 6701d were passed, Section 38 in conjunction with Section 40 maintained the same general scope of Article 1150, whereas Section 39 in conjunction with Section 40 carved out a smaller offense from one of the situations originally embraced in Article 1150. These Articles made two classifications of drivers involved in accidents. Section 38 in conjunction with Section 40 applies to drivers in collisions involving personal injury. Section 39 in conjunction with Section 40 applies to drivers involved in collisions where only property damage results therefrom.

It is illogical to presume that the Legislature would create a misdemeanor offense, finable only, from $1.00 to $200.00, from the general condition originally set out as a felony and intend for Section 24(a)4 of Article 6687b, to apply thereto now, without making specific reference to such fact. It will be noted that only Sections 38 and 40 of Article 6701d constitute the felony offense which was originally encompassed in Article 1150.

Nowhere is it specifically stated that Section 24(a)4 of Article 6687b shall apply to Section 39, Article 6701d.

Although the rule of strict construction of penal statutes has been relaxed somewhat in Texas, still it is not proper to extend the penal statute to embrace acts or conduct not clearly included within the prohibition of the statute.

Section 39 of Article 6701d applies to accidents in which there is no personal injury involved. No aid, as mentioned in Article 6687b, could be logically rendered to the injured as set out in Section 40 of Article 6701d, for no aid is required. Apt descriptive words for the offense set out in Sections 39 and 40 could be failure to stop and give identification in an accident involving only property damage. The descriptive words set out in Section 24, Subdivision 4 of Article 6687b are failure to stop, render aid and give identification. These latter words apply more appropriately to Sections 38 and 40 of Article 6701d where personal injury is a requisite to the offense.

A conviction for any of the five offenses under Section 24 of Article 6687b results in an automatic suspension of driver's license. All five of these offenses can carry a jail or prison sentence. If Subdivision 4 were to apply to Sections 39 and 40 of Article 6701d, it would be the only offense in the group which did not carry a potential jail or prison sentence. We feel that the Legislature never intended to automatically suspend one's driver's license for a single violation which is not considered severe enough to carry a possible jail or prison sentence. This is well indicated by the grouping of offenses in Section 24 of Article 6687b, and would tend to show the legislative intent to apply Subdivision 4 to Section 38 and Section 40 of Article 6701d only.

## SUMMARY

Section 24, Subdivision 4 of Article 6687b (automatic suspension of driver's license) does not apply to a person convicted under Sections 39 and 40 of Article 6701d

Hon. Homer Garrison, Jr., page 6 (V-1390)

(failure to stop when involved in an
accident with an attended vehicle where
there is no personal injury), which is
a misdemeanor offense.

APPROVED:                              Yours very truly,

Ned McDaniel                             PRICE DANIEL
State Affairs Division                 Attorney General

E. Jacobson
Reviewing Assistant

                                       By *Milton Richardson*
Charles D. Mathews                     Milton Richardson
First Assistant                                Assistant

MR/jmc/rt