James A. TWIST, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–97–00078–CR.

Court of Appeals of Texas, Texarkana.

Submitted July 23, 1998.

Decided July 24, 1998.

Deborah D. Summers, Houston, for appellant.

John B. Holmes, District Attorney of Harris County, Houston, for appellee.

Before CORNELIUS, C.J., GRANT and ROSS, JJ.

## OPINION

CORNELIUS, Chief Justice.

James Twist was convicted of failing to stop and give information, Tex. Transp. Code Ann. §§ 550.022, 550.023 (Vernon Pamph.1998). He was assessed a fine of $200.00, probated. Twist contends that the evidence is legally and factually insufficient to support the jury's verdict. We affirm the judgment.

The charge against Twist arose from an incident in which Twist, who witnesses testified was intoxicated, ran into the rear of Mary Campbell's vehicle while she was stopped waiting to turn at an intersection. After the impact, Twist and Campbell pulled their vehicles into an adjacent parking lot. Campbell immediately got out of her vehicle, but Twist left the parking lot in his vehicle, traveling toward the intersection. Campbell got in her vehicle and followed Twist, honking her horn and yelling for Twist to come back. Twist then pulled into the parking lot again at a point some distance from where the vehicles first stopped. Testimony was that Twist's car was rolling while Campbell held to the door handle trying to stop him while she called for help. Bystanders came to her aid and ultimately convinced Campbell to let Twist wait there until the police arrived. Twist eventually gave Campbell the information required by the statutes.

Twist testified that he initially left the scene because Campbell was harassing him. He did not claim the defense of necessity, however, and he testified that he was not afraid of Campbell.

Twist contends that because he ultimately stopped at the scene and gave the required information, there is insufficient evidence to support a finding that he violated Sections 550.022 and 550.023.

In reviewing the legal sufficiency of the evidence, we view all of the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found beyond a reasonable

doubt the essential elements of the crime. *King v. State,* 895 S.W.2d 701 (Tex.Crim. App.1995). In reviewing the factual sufficiency of the evidence, we view all of the evidence without the prism of "in the light most favorable to the prosecution," and reverse only if we find that the verdict is so against the overwhelming weight of the evidence that it is clearly wrong and unjust. *Lynch v. State,* 952 S.W.2d 594 (Tex.App.-Beaumont 1997, no pet.).

Sections 550.022 and 550.023 of the Texas Transportation Code provide as follows:

### § 550.022. Accident Involving Damage to Vehicle

(a) Except as provided by Subsection (b), the operator of a vehicle involved in an accident resulting only in damage to a vehicle that is driven or attended by a person shall:

(1) immediately stop the vehicle at the scene of the accident or as close as possible to the scene of the accident without obstructing traffic more than is necessary;

(2) immediately return to the scene of the accident if the vehicle is not stopped at the scene of the accident; and

(3) remain at the scene of the accident until the operator complies with the requirements of Section 550.023.

(b) If an accident occurs on a main lane, ramp, shoulder, median, or adjacent area of a freeway in a metropolitan area and each vehicle involved can be normally and safely driven, each operator shall move the operator's vehicle as soon as possible to a designated accident investigation site, if available, a location on the frontage road, the nearest suitable cross street, or other suitable location to complete the requirements of Section 550.023 and minimize interference with freeway traffic.

(c) A person commits an offense if the person does not stop or does not comply with the requirements of this section. An offense under this section is:

(1) a Class C misdemeanor, if the damage to all vehicles is less than $200; or

(2) a Class B misdemeanor, if the damage to all vehicles is $200 or more.

(d) In this section, a vehicle can be normally and safety driven only if the vehicle:

(1) does not require towing; and

(2) can be operated under its own power and in its usual manner, without additional damage or hazard to the vehicle, other traffic, or the roadway.

### § 550.023. Duty to Give Information and Render Aid

The operator of a vehicle involved in an accident resulting in the injury or death of a person or damage to a vehicle that is driven or attended by a person shall:

(1) give the operator's name and address, the registration number of the vehicle the operator was driving, and the name of the operator's motor vehicle liability insurer to any person injured or the operator or occupant of or person attending a vehicle involved in the collision;

(2) if requested and available, show the operator's driver's license to a person described by Subdivision (1); and

(3) provide any person injured in the accident reasonable assistance, including transporting or making arrangements for transporting the person to a physician or hospital for medical treatment if it is apparent that treatment is necessary, or if the injured person requests the transportation.

The word "stop" as used in a similar statute has been held to mean "a definite cessation of movement for a sufficient length of time for a person of ordinary powers of observation to fully understand the surroundings of the accident and to possess himself of an accurate knowledge of the results of the accident." *Moore v. State,* 140 Tex.Crim. 482, 145 S.W.2d 887, 888 (1940).

It is clear that Twist did not *immediately* stop for a sufficient length of time to provide the information required by the statutes. He did eventually stop, and he ultimately provided the information. It can be concluded from the evidence, however, that Twist stopped only as a result of Campbell's chase and attempted restraint of him.

We do not believe that a driver's initial attempt to leave the scene, that is thwarted by pursuit and attempts to restrain him, which ultimately results in a stop, fulfills the requirement of the statutes. If such would be considered compliance with the statutes, every driver who is apprehended after leaving the scene of an accident would be exonerated. We do not believe the Legislature intended such a result.

We find the evidence legally and factually sufficient to support a finding that Twist did not immediately stop and give the required information.

The judgment is affirmed.