In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-02-00081-CR


______________________________




IDOWU OLUSEGUN MOKUOLU, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the No. 15 County Court at Law


Harris County, Texas


Trial Court No. 1084537




 




Before Morriss, C.J., Ross and Cornelius,* JJ.


Opinion by Justice Cornelius



_________________________________________

*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment


O P I N I O N



 Idowu Olusegun Mokuolu appeals his conviction for failure to stop and give information. 
A jury found Mokuolu guilty, and the trial court imposed a punishment of 120 days' confinement in
the Harris County jail and a fine of $1,000.00. On appeal, Mokuolu contends (1) the evidence is
factually insufficient to support his conviction, and (2) the trial court erred by denying his motion
for new trial based on his claim that he received ineffective assistance of counsel. For the reasons
below, we affirm the trial court's judgment.

 The charge against Mokuolu arose from an incident in which he ran into the front left quarter
panel of Vanessa Pokrajac's vehicle while they were traveling on Interstate Highway 45 (I-45) in
Houston, Texas. The collision's impact pushed Pokrajac's car onto the right shoulder of the
interstate. Pokrajac immediately stopped her vehicle. According to testimony from Pokrajac and
two other witnesses, Mokuolu brought his vehicle to a complete stop approximately 200 feet down
the shoulder. Pokrajac then got out of her vehicle to approach Mokuolu's vehicle, but Mokuolu
accelerated and drove off down I-45. Pokrajac flagged down a passing motorist and, with the
motorist's assistance, followed Mokuolu down the road. 

 Less than a mile down the road, several other cars stopped Mokuolu's vehicle by blocking
his way. After Mokuolu was blocked, he got out of his vehicle and was confronted by Pokrajac. 
Mokuolu did not provide Pokrajac his proof of insurance or his driver's license. Pokrajac testified
that Mokuolu told her that he had insurance and would pay for the damage to her car. In fact,
however, he had no insurance and did not pay the damage. Pokrajac testified that Mokuolu told her
he hit her vehicle because his brakes failed. Pokrajac, however, believed he was trying to flee the
scene of the accident. Jordan Saylor, who was a passenger in Pokrajac's vehicle, also testified that
Mokuolu came to a complete stop immediately after the collision, but that, when Pokrajac got out
of her car and approached Mokuolu, he accelerated and drove off. She testified she also believed
Mokuolu was trying to flee the scene of the accident.

 Houston police officer T. R. Wiseman testified that, based on her investigation, she did not
believe Mokuolu's brakes failed. Wiseman's investigation included pressing on Mokuolu's brake
pedal while the engine was not running, and finding that the brakes had pressure.

 Mokuolu testified at trial that the reason he did not stop was because his brakes failed. 
Monty Jones, a regional manager for several Brake Check stores in Houston and a brake expert,
testified that pressing on the brakes of a car that is not running will not help diagnose brake failure;
the engine must be running to make such a determination. 

 Mokuolo contends the evidence is factually insufficient to support his conviction. In a
factual sufficiency review, we examine the evidence in a neutral light, favoring neither party. 
Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Twist v. State, 976 S.W.2d 275, 277 (Tex.
App.-Texarkana 1998, no pet.). We set aside the verdict for factual insufficiency only if (1) the
evidence in support of a vital fact, considered as standing alone, is factually too weak to support it,
or (2) looking at all the evidence, some evidence supports a positive inference and some supports
a negative inference, but the State's evidence is so weak it makes the finding against the great weight
and preponderance of the evidence. Goodman v. State, 66 S.W.3d 283 (Tex. Crim. App. 2001). In
such a case the finding is described as being "manifestly unjust," "shocks the conscience," or "clearly
demonstrates bias." Id.

 The State charged Mokuolu by information with the offense of failure to stop and give
information. A driver commits a class B misdemeanor if his vehicle is involved in an accident
resulting in more than $200.00 of property damage (but not resulting in physical injury), and he does
not immediately stop his vehicle at the scene of the accident (or immediately return to the scene of
the  accident  if  the  vehicle  is  not  stopped  at  the  scene  of  the  accident).  Tex.  Transp.  Code
Ann. §§ 550.022, 550.023 (Vernon 1999). The driver is required to remain at the scene until he
gives his name, address, vehicle registration or license plate number, insurance information, and (if
requested) driver's license information. Id.; see Morris v. State, 786 S.W.2d 451 (Tex. App.-Dallas
1990, pet. ref'd) ("vehicle registration" means license plate number). "The word 'stop' as used in a
similar statute has been held to mean 'a definite cessation of movement for a sufficient length of time
for a person of ordinary powers of observation to fully understand the surroundings of the accident
and to possess himself of an accurate knowledge of the results of the accident.'" Twist v. State, 976
S.W.2d at 277 (quoting Moore v. State, 140 Tex. Crim. 482, 145 S.W.2d 887, 888 (1940)). 

 There is evidence that Mokuolu did not stop for a sufficient length of time at the nearest
location to Pokrajac's vehicle and provide the information required by the Texas Transportation
Code. Several witnesses for the State testified to this fact, whereas only Mokuolo testified that the
brake failure prevented him from stopping near Pokrajac. However, even if Mokuolu's brakes failed
at some point, there is positive testimony that Mokuolu did come to a complete stop right after
colliding with Pokrajac, but when Pokrajac got out of her vehicle and started to approach him,
Mokuolu drove away and had to be stopped later by other drivers. The jury was authorized to find
from this evidence that Mokuolu intentionally failed to stop at the accident scene in a manner
required by the Texas Transportation Code. And although Mokuolu eventually stopped again and
spoke to Pokrajac, it can be inferred from the evidence that he did so only because other motorists
blocked his progress and caused him to crash into their vehicles. Several witnesses testified they
believed Mokuolo had attempted to flee. A driver's initial attempt to leave the scene, that is later
thwarted by pursuit and attempts to restrain him, which ultimately results in a stop, does not fulfill
the requirements of the duty to stop and give information. Twist v. State, 976 S.W.2d at 278. The
record is clear that Mokuolu failed to provide evidence of insurance and his driver's license
information to Pokrajac at or near the scene of the accident. We find the evidence factually
sufficient to support a finding that Mokuolu did not immediately stop and give the required
information.

 In his second point of error, Mokuolu contends the trial court erred by denying his motion
for new trial. Mokuolu argues he should be given a new trial because his trial counsel did not
present expert testimony on brake failure and thereby provided ineffective assistance of counsel.

 We review a trial court's denial of a motion for new trial for abuse of discretion. Salazar v.
State, 38 S.W.3d 141, 148 (Tex. Crim. App. 2001); State v. Kelley, 20 S.W.3d 147, 151 (Tex.
App.-Texarkana 2000, no pet.). "A trial court abuses its discretion when it so deviates from
applicable guidelines and principles that the decision falls outside the zone of reasonable
disagreement." Breakiron v. State, 79 S.W.3d 103, 107 (Tex. App.-Texarkana 2002, no pet.). We
must not substitute our judgment for that of the trial court, but instead we determine whether the trial
court's decision was outside the zone of reasonable disagreement or was arbitrary or unreasonable. 
Salazar v. State, 38 S.W.3d at 148; Davis v. State, 71 S.W.3d 844, 846 (Tex. App.-Texarkana 2002,
no pet.). The standard for testing claims of ineffective assistance of counsel was set out in Strickland
v. Washington, 466 U.S. 668 (1984), and adopted for Texas constitutional claims in Hernandez v.
State, 726 S.W.2d 53, 56-7 (Tex. Crim. App. 1986). In this case, we do not apply the Strickland
standard in a de novo fashion, but review the trial court's application of the Strickland standard
through the prism of the abuse of discretion standard. See State v. Kelley, 20 S.W.3d at 151.

 To prevail on his claim of ineffective assistance, Mokuolu must prove by a preponderance
of the evidence (1) that his counsel's representation fell below an objective standard of
reasonableness, and (2) that the deficient performance prejudiced his defense. Strickland v.
Washington, 466 U.S. at 687; Rosales v. State, 4 S.W.3d 228, 231 (Tex. Crim. App. 1999). To meet
this burden, Mokuolu must prove that his attorney's representation fell below the standard of
prevailing professional norms, and that there is a reasonable probability that, but for the attorney's
deficiency, the result of the trial would have been different. Tong v. State, 25 S.W.3d 707, 712 (Tex.
Crim. App. 2000). Under this standard, Mokuolu must prove that counsel's representation so
undermined the proper functioning of the adversarial process that the trial cannot be relied on as
having produced a just result. Strickland v. Washington, 466 U.S. at 686.

 Our review of counsel's representation is highly deferential, and we indulge a strong
presumption that counsel's conduct falls within a wide range of reasonable representation. Strickland
v. Washington, 466 U.S. at 689; Tong v. State, 25 S.W.3d at 712. We will not second-guess through
hindsight the strategy of counsel at trial, nor will the fact that another attorney might have pursued
a different course support a finding of ineffectiveness. Blott v. State, 588 S.W.2d 588, 592 (Tex.
Crim. App. 1979). That another attorney, including Mokuolu's counsel on appeal, might have
pursued a different course of action does not necessarily indicate ineffective assistance. Harner v.
State, 997 S.W.2d 695, 704 (Tex. App.-Texarkana 1999, no pet.). Any allegation of ineffectiveness
must be firmly founded in the record, and the record must affirmatively demonstrate the alleged
ineffectiveness. Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

 First, Mokuolu's trial counsel was not called to testify at the hearing on Mokuolu's motion
for new trial. We therefore have no information before us about his counsel's trial strategy. Cf. Bone
v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002) (under normal circumstances, record on direct
appeal will not be sufficient to show counsel's trial strategy was so deficient as to overcome
presumption of reasonableness and professionalism). Second, "Arthur," the Brake Check service
technician whose last name is unknown and who reportedly told Mokuolu that his brakes had failed
during the accident, was not called to testify at the hearing on the motion for new trial. 

 Third, for Mokuolu's argument to have merit, there must be some showing that an expert
would have testified in a manner that benefitted Mokuolu. See Teixeira v. State, 89 S.W.3d 190, 193
(Tex. App.-Texarkana 2002, pet. ref'd) (trial counsel not ineffective in non-capital case for not hiring
expert on future dangerousness because no evidence of expert who would have testified favorably
for defendant); see also Duren v. State, 87 S.W.3d 719, 733-34 (Tex. App.-Texarkana 2002, no pet.)
(counsel not ineffective for calling defense expert if expert's findings were similar to findings by
State's expert). Without such evidence, Mokuolu has not met his burden of proof under the first
prong of Strickland. See Teixeira v. State, 89 S.W.3d at 193; Rodriguez v. State, 82 S.W.3d 1, 2
(Tex. App.-San Antonio 2001, pet. dism'd) (ineffective assistance not shown where record is silent
about counsel's reason for not calling rebuttal expert testimony). Robert Stone, the brake expert who
testified at the motion for new trial hearing, did not state that Mokuolu could not stop at the accident
scene due to brake failure. In fact, Stone affirmatively stated that he was not able to testify about
the status of Mokuolu's brakes in October of 2001, the month of the accident. Such testimony falls
short of evidence that Mokuolu's brakes failed at the time of the accident.

 Moreover, even if Mokuolu proved and the jury believed that his brakes failed at some point,
that would not necessarily have constituted a viable defense to the charge against him. There is
positive testimony from three witnesses that Mokuolu did come to a full stop immediately after the
collision, but that he did not get out and give Pokrajac the required information. Instead, he drove
off in an attempt to flee. Thus, brake failure was not a dispositive issue. 

 Mokuolu has failed to prove by a preponderance of the evidence that his counsel's
performance fell below an objective standard of reasonableness, and that his defense was prejudiced. 
Accordingly, the trial court did not act outside the zone of reasonable disagreement by denying
Mokuolu's motion for new trial. 

 For the reasons stated, we affirm the trial court's judgment.




 William J. Cornelius

 Justice*


*William J. Cornelius, Chief Justice, Retired, Sitting by Assignment


Date Submitted: February 3, 2003

Date Decided: April 23, 2003


Do Not Publish