[The preceding cases in this volume were reported by Hon. Sam A. Willson. The following cases are reported by John P. White.]

### WHITCOMB ET AL. v. THE STATE.

#### No. 3795.   Decided October 17.

30  269
35  456

1.  **Charge of the Court.**—It is elementary that the charge of the court should be confined to and limited by the allegations contained in the indictment. If there be several modes, by either one of which, separately, a statute may be violated, and the pleader selects one of these as a basis of his prosecution, he must rely upon that selection alone, and the charge of the court must conform thereto, because it constitutes, and that alone, the issue to be tried by the jury.

2.  **Same.**—Where appellants were charged by indictment with violating one phase or mode of the statute, article 186, Penal Code, with regard to selling goods on Sunday, to-wit, that they did unlawfully permit their place of business to be open for the purpose of traffic, *held*, error for the charge of the court to submit all the various modes and phases by which such offense could be committed as the same are enumerated in the statute (art. 186, Penal Code). And where the defendant reserves a bill of exceptions to such a charge and requests appropriate instructions curing the defects in such charge, which are refused by the court, such error constitutes reversible error.

. 3.  **Same—Indictment.**—Where the indictment charged that on a certain Sunday defendants "did unlawfully and willfully permit their place of business to be opened for the purpose of traffic," *held*, error to refuse a special requested instruction to the effect that "in no event can the defendants be convicted unless you are satisfied from the evidence that their place of business was open on Sunday for the purpose of traffic with their consent or knowledge."

4.  **Evidence.**—Every man may be presumed to know what is going on in his place of business, but this presumption may be overcome by other evidence.

5.  **Special Instructions.**—See a special instruction which was held properly refused, because misleading, where it appeared that the doors of a saloon were all closed and persons got in through a side door which was closed but not locked.

6.  **Construction of Statute—Meaning of word Open.**—The word "open," as used in the Sunday Law (art. 186, Penal Code), in its relation to one's place of business, etc., means that the house must *be closed as against all traffic*, and it is immaterial whether the door stood open or was opened for ingress and egress of parties and closed so soon as they entered or went out.

7.  **Case Distinguished.** — See wherein this case is distinguished from Flood's case, 19 Texas Court of Appeals, 584.

8.  **Joint Judgment.**—Where two or more parties are jointly prosecuted for a misdemeanor, upon conviction it is error to render a joint verdict and judgment against them for the fine imposed. Such judgment should be several and not joint.

APPEAL from the County Court of Anderson. Tried below before Hon. W. G. W. Jowers, County Judge.

The prosecution was for a violation of the Sunday law. The penalty assessed was a joint fine of $25 against appellants Whitcomb and Maier.

*J. R. Burnett*, for appellants.

*R. H. Harrison*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—The charging part of the indictment is as follows: "W. M. Whitcomb and Sol Maier, composing the firm of Whitcomb & Co., in the county of Anderson, and State of Texas, on the 5th day of October, A. D. 1890, on Sunday, were merchants and grocers and dealers in wares and merchandise, and traders in a lawful business, and as such that they did then and there unlawfully and willfully permit their place of business to be open for the purpose of traffic."

The only charge given the jury in so far as the record shows is the following, to-wit: "Any merchant, grocer, or dealer in wares or merchandise, or trader in any business whatsoever, or the proprietor of any place of public amusement, or the agent or employe of any such person, who shall sell or barter, or permit his place of business or place of public amusement to be open for the purpose of traffic or public amusement on Sunday, shall be fined not less than $20 nor more than $50."

The appellants reserved their bill of exceptions to this charge, because it did not confine the jury to the allegations contained in the indictment and authorized a conviction upon phases of the statute not alleged. Penal Code, art. 186. It is elementary that the charge should be confined to and limited by the allegations contained in the indictment. Where there are several ways of violating the same statute, and the pleader has selected one of these, he must rely upon that selection, and the charge of the court must conform thereto, because that constitutes the issue to be tried. In this case the charge should have been limited to the offense as specifically stated and should not have submitted every phase of the statute. Appellants were charged specifically with violating only one phase of the statute, to-wit, permitting their place to be open for the purpose of traffic on Sunday, while the charge submitted every phase of the statute. We think this was error.

Appellants requested two special charges to be given to the jury. They were refused. The second charge asked was as follows: "In no event can the defendants be convicted unless you are satisfied from the evidence that their place of business was open on Sunday for the purpose of traffic with their consent or knowledge." If the appellants' place of business was open without their knowledge or consent, it would

hardly be contended that it was open with their permission. The evidence shows beyond controversy that at the time of the sale of the liquor by their bartender the appellants were neither of them present; that they did not know their house was open; and that they did give explicit orders that their place of business should not be opened on Sunday for the purpose of traffic. The evidence further shows that the appellants were never at their place of business on Sunday. The appellants testified themselves that they never permitted nor authorized their saloon to be opened on Sunday for the purpose of traffic, and if it was opened for such purpose they knew nothing of it and never consented to it. This evidence is not contradicted. Every man may be presumed to know what is going on in his place of business, and we believe this presumption to be correct, but, like every other presumption, may be overcome by evidence. Every party charged with crime is presumed innocent, and the State can and must overcome this presumption if a conviction is sought. If we indulge the presumption that the appellants were cognizant of the fact that their bartender was violating the law, then we have the evidence of the State's witnesses that appellants were not present when the store was open, and all the uncontradicted evidence adduced on that branch of the case that the appellants knew nothing of the transaction in question nor gave their consent thereto, but ordered their employes not to open their house for traffic on Sunday. Therefore, as we view the record, the above quoted charge should have been given, and it was error to refuse the same.

Appellants also requested another charge, which was refused, as follows: "The defendants can not be convicted in this case unless their saloon was permitted by them to be kept open for the purpose of traffic. If the doors were not open, but closed, then the mere fact that liquor was sold on Sunday would not be sufficient to convict the defendants." While this charge may announce a correct general principle, yet, when the latter clause of it is applied to the facts of this case, it is conceived to be misleading, and does not present the law applicable to the facts. It is true that the appellants could not be legally convicted if they did not permit their place of business to be kept open as denounced by the statute, and, in so far as the last quoted charge sets out and enunciates that proposition, it is correct; but that portion of said requested instruction in which the court is asked to charge the jury that, "if the doors were not open, but closed, then the mere fact that liquor was sold on Sunday would not be sufficient to convict the defendants," is misleading, liable to confuse the jury, and is not warranted by the facts. Upon this phase of the case, it is shown by the evidence that "the doors were all closed." The witnesses and purchasers of the liquor "got in at a side door, which was shut, but not locked." "There were fifteen or twenty men in the saloon," and they all "got in at the side door." It "was shut, but not locked." The

liquor was sold and drank in the saloon on the "Sunday the circus was in Palestine." The construction sought by the appellants' requested charge to be placed on the statute is evidently that, before a party can be convicted of opening his place of business for traffic on Sunday, the doors or openings to said place of business must in fact stand open or ajar. This idea is the basis of the requested instruction. To this idea we can not agree, and such was not the limited purpose of the statute nor the intention of the legislative mind when the statute was framed. The vice in this portion of the charge consists in the meaning sought to be given the word "open," contained in the statute. We do not think there is any uncertainty about the meaning of the word "open," nor is there any ambiguity in the statute. It is clearly and manifestly the intention of the statute to close the places and houses therein mentioned against barter, sale, and traffic on Sunday. To this end, or for this purpose, the Legislature enacted this statute; and it is meant that no selling shall occur in these places or houses on Sunday, and that traffic shall be cut off entirely on said day. In Michigan, where the statute required that such places be "closed" on Sunday, in passing on a similar question to the one in hand, the Supreme Court of that State said of that statute, that "it very clearly intends to close up the places named against liquor selling on Sundays. * * * It is not important on this record to examine critically into the meaning of the term 'closed,' as applicable to houses, rooms, or parts of rooms. It is clearly meant that the sales at least shall be entirely stopped, and the traffic shut off effectually, so that drinking and conveniences for drinking shall be no longer accessible, and those who frequent them for that purpose shall be dispersed. Common sense will dispose of such cases readily enough. . Everybody knows practically what closing a saloon or drinking place means, and there is no occasion for seeking or solving imaginary difficulties." Kurtz v. The People, 33 Mich., 282; 49 Mich., 337; 52 Mich., 566.

To our minds, the meaning of the word "open," used in our statute, when viewed from the context of said statute, means that the house of appellants should have been closed against all traffic, and it is immaterial whether the doors stood open or were opened for the ingress and egress of parties and then closed behind them; and had appellants been shown to have permitted the keeping open of their house, as was shown to have been done by the barkeeper, they would have clearly been guilty of a plain violation of the law. The court did not err in refusing to give the above requested instruction. The views herein set forth do not in any way conflict with the decision in Flood's case, 19 Texas Court of Appeals, 584, because, since that decision was rendered, in 1885, article 186 of the Penal Code has been amended so as to embrace the keeping open of business houses and places of public amusement on Sunday, and article 186a added to the code. Acts 1887, p. 108.

In discussing the previous questions, we have sufficiently discussed the evidence as to its probative force to sustain this conviction. As presented to us, the evidence does not support the conviction. Appellants were jointly indicted, tried, and convicted, the verdict being: "We, the jury, find the defendants, W. M. Whitcomb and Sol Maier, guilty, and assess the punishment at a fine of $25." Judgment was rendered in accordance with the verdict. The verdict and judgment should have been several, and not joint. Medis v. The State, 27 Texas Ct. App., 194; Cunningham v. The State, 26 Texas Ct. App., 83; Sterling v. The State, 25 Texas Ct. App., 716; Flynn v. The State, 8 Texas Ct. App., 398; Straughan v. The State, 16 Ark., 37; 4 Ark., 430; 7 Barb., 393; 10 Mo., 440; Whart. Crim. Law, 156, 694; Allen v. The State, 34 Texas, 230; Caesar v. The State, *post*, p. 274.

For the errors indicated, the judgment is reversed and the cause re-manded.

*Reversed and remanded.*

Hurt, J., absent.