## M. M. LOCKHART V. THE STATE.

No. 11282. Delivered December 21, 1927.

Rehearing denied February 1, 1928.

**1.—Driving Auto While Intoxicated—Charge of Court—Entire Charge Considered.**

Criticisms of one paragraph of the court's charge are viewed in the light of the charge as a whole. One paragraph of the court's charge as to the state of appellant's intoxication, considered with other and further instructions contained in the charge on this subject, are not found to be erroneous.

2.—Same—Charge of Court—Defining Terms "Drunk" or Intoxicated—
Not Necessary.

In the trial of a case for driving an automobile while intoxicated, or
under the influence of intoxicating liquor, it is not necessary for the court
in his charge to define the terms "drunk" or "intoxicated," those words
having a commonly accepted meaning not mistakable.

3.—Same — Requested Charge — Covered by Main Charge — Properly
Refused.

Where the issues presented in a requested charge are fully and cor-
rectly presented in the main charge it is proper practice to refuse the
requested charge.

### ON REHEARING.

4.—Same—No Error Discovered.

On rehearing nothing is made to appear that persuades us that our
original disposition of this case was erroneous, and the motion for
rehearing is overruled.

Appeal from the Criminal District Court No. 2 of Dallas
County. Tried below before the Hon. C. A. Pippin, Judge.

Appeal from a conviction for driving an automobile while
intoxicated, penalty sixty days in the county jail.

The opinion states the case.

*J. J. Fagan* of Dallas, for Appellant.

*A. A. Dawson,* State's Attorney, for the State.

LATTIMORE, JUDGE.—Conviction for driving automobile
while intoxicated; punishment, sixty days in the county jail.

The facts in the case are very short. Witness Hunnicutt
testified that the car in which he was driving was struck by
one occupied by appellant. He said he could smell liquor on
appellant's breath, and that when he got out of the car appellant
did not appear to be able to walk straight. Witness said he
believed appellant had been drinking something of an intoxi-
cating nature. Officer Jones testified that he saw appellant at
police headquarters, took charge of him and locked him up. Said
he could smell liquor on his breath, and from all appearances
appellant had been drinking; in the opinion of witness he was
drunk. Appellant introduced several character witnesses; also
his nephew, who was with him at the time of the automobile
accident, and testified that appellant was not under the influence
of liquor at all. Appellant took the stand himself and said that
he had been out on a paper route that morning and had met a
friend who suggested that they take a drink. Appellant said he
took one drink of whisky and was then in the car with his

nephew, driving down the street when the automobile collision occurred.

There are four bills of exception in the record. The first complains of a paragraph of the court's charge wherein he told the jury that if they believed beyond a reasonable doubt that on the date mentioned appellant was intoxicated, or under the influence of intoxicating liquor to any degree, and that he did drive a motor vehicle on Elm street, they should convict, the objection to the charge being that thereunder the jury had to convict appellant regardless of the degree of his intoxication. We have to look to the entire charge in determining the sufficiency of any particular paragraph thereof. We find in one of the paragraphs of the charge that the court told the jury that by the term "intoxicated or under the influence of intoxicating liquor to any degree" is meant that a person has taken into his stomach a sufficient quantity of intoxicating liquor so as to deprive him of the normal control of his bodily or mental faculties. In our opinion it is not necessary to give any definition of the terms used in the statute, but one having been attempted, we think it not erroneous. We think the charge not open to the objection contained in said exception.

The second exception was reserved to the refusal of the court to give to the jury a peremptory instruction to return a verdict of not guilty. We think the exception is not well taken. The third exception is to the refusal of the court to give a special charge wherein appellant sought to have the jury told that by the terms "drunk" or "intoxicated" is meant the excessive drinking of liquor to such an extent as to deprive one of normal control of bodily and mental faculties. We think it not necessary to require the jury to believe there must be excessive drinking in order to make one so under the influence of intoxicating liquor as to interfere with the normal control of his bodily or mental faculties.

The fourth bill of exceptions complains of the refusal of a special charge which is in terms almost exactly the same as the quoted part of the court's main charge. It is not necessary to give special charges which are but repetitions of instructions already given.

Believing the evidence sufficient, and that no error appears in matters of procedure, it follows that we are of opinion that the judgment must be affirmed, and it is so ordered.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant insists that the conviction should not be permitted to stand under the evidence. We have again examined the facts and regret that we can not agree with appellant's contention.

The state's evidence was accepted by the jury as true and seems to support the verdict.

The motion for rehearing is overruled.

*Overruled.*