## BENTON LAYMAN V. THE STATE.

No. 16879. Delivered June 20, 1934.

The opinion states the case.

*Parker & Parker,* of Comanche, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is robbery; the punishment, confinement in the penitentiary for five years.

C. B. Humphries testified, in substance, as follows: On or about the first day of July, 1933, two men came to his house between 1 and 2 o'clock a. m., and, exhibiting a pistol, took

from his possession $3.70. He had known appellant about three years, and identified him as one of his assailants. Appellant was not masked but had his hat pulled down over his face.

Mrs. Humphries gave testimony corroborating her husband's version of the transaction. She positively identified appellant as one of the offenders.

Appellant did not testify, but introduced witnesses who stated that Mr. and Mrs. Humphries had declared to them soon after the robbery that they could not identify their assailants. Appellant's wife gave testimony raising the issue of alibi.

Bill of exception No. 1 recites that, notwithstanding the averment in the indictment charging the use of firearms had been abandoned, the district attorney was permitted, over appellant's objection, to read the entire indictment to the jury, including said averment as to firearms. It is unnecessary to determine here whether appellant's objection was well taken. In developing the case, the State showed that a pistol was used. Proof of such fact was proper, as all of the relevant facts and circumstances surrounding the commission of the offense were admissible. Montgomery v. State, 276 S. W., 250. Under the circumstances, the reading of the entire indictment could not have been prejudicial.

Bill of exception No. 2 recites that the jury returned into court the following verdict: "We, the jury, find the defendant guilty as charged in the indictment and assess his punishment at five years confinement in the penitentiary. A. H. Caraway, Foreman of the Jury." Immediately after the jurors had been discharged, appellant excepted to the form of the verdict. The court then ordered the sheriff to bring the jurors back to the court room. When they had reassembled the court corrected the verdict by writing the words "second count" just before the word "indictment," making the verdict read: "We, the jury, find the defendant guilty as charged in the second count of the indictment," etc. The court in his charge submitted only the second count of the indictment. The verdict was sufficient as originally returned. While the action of the court in reassembling the jury might have been unauthorized, the change in the verdict by writing in "second count" was not material, inasmuch as the original verdict followed the charge of the court. Under the circumstances, we are constrained to hold that appellant's contention that the verdict is void, as not being the verdict of the jury, should be overruled.

It is unnecessary to discuss bill of exception No. 3 as it relates to appellant's objection to testimony showing the use

of a pistol at the time the offense was committed. Our discussion of bill of exception No. 1 disposes of the matter.

Under the count of the indictment under which appellant was convicted a joint assault upon C. B. Humphries and Mrs. M. J. Humphries was charged. In submitting the case to the jury the court authorized a conviction in the event the jury believed beyond a reasonable doubt that the assault was made upon C. B. Humphries and Mrs. M. J. Humphries *or either of them, etc.* Under the decisions this charge was incorrect. In the case of Pate v. State, 239 S. W., 967, this court held that where the indictment charges a joint assault upon two and the use of violence toward both of said parties, the trial court is not warranted in instructing the jury to find the accused guilty if the assault was committed upon either of them, or violence used toward either of them. In the present case we find no exception to the charge of the court. Under the express terms of Art. 658, C. C. P., it was incumbent upon appellant, in order to have the question reviewed, to present written objections to the charge before it was read to the jury, distinctly specifying each ground of objection. Again, it is observed that it was not controverted that a joint assault was made by someone upon C. B. Humphries and Mrs. Humphries, and that both of said parties were put in fear of life and bodily injury. Under the express terms of Art. 666, C. C. P., this court is inhibited from reversing the judgment unless the error in the charge was calculated to injure the rights of appellant, or unless it appears that he has not had a fair and impartial trial. Under the circumstances reflected by the record, we are unable to perceive how appellant could have been injured.

The judgment and sentence recite that appellant has been convicted for the offense of robbery with firearms. It has been observed that the averment as to the use of firearms was abandoned. Hence the judgment and sentence fail to follow the charge of the court and verdict of the jury. They will be reformed in order that it may be shown that appellant has been convicted of the offense of robbery.

As reformed, the judgment is affirmed.

*Reformed and affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.