R. V. GROOMS v. STATE

No. 25440. November 7, 1951.
Rehearing Denied December 12, 1951.

Hon. Joe L. Mays, Judge Presiding.

*Wm. E. Davenport,* San Angelo, for appellant.

*George P. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Presiding Judge.

Appellant was fined the sum of $50.00 upon a charge of driving an automobile while intoxicated.

There are two bills of exception in the record, both being in the same condition. They relate to what occurred at the time the highway patrolman arrived at the scene of the accident where appellant was arrested and afterwards charged with the offense mentioned.

Bill of Exception No. 1 is an objection to the state's witness saying anything as to what occurred after the officer arrived at the scene of the accident in question herein. The bill itself shows that the officer did not testify to anything that took place after he arrived at the scene of the accident. Therefore, the bill is insufficient in that it fails to show what the objectionable testimony was, if any. Under the general rule laid down in 4 Tex. Jur. p. 303, secs. 210 and 211, we think the bill evidences no error.

Bill of Exception No. 2 is an objection to the arresting officer making the statement that "Grooms admitted he was driving the pick-up." If there was any error in admitting such statement, it was cured by the fact that Grooms himself took the stand and admitted that he was driving the pick-up at such time. We think that this bill is without merit. See 4 Tex. Jur. p. 587, sec. 414, and numerous authorities there cited.

Finding no error in the record, the judgment is affirmed.

ON MOTION FOR REHEARING

MORRISON, Judge.

On motion for rehearing, appellant presents what to us is a novel contention. He sets forth that portion of the court's charge in which the court defined intoxication. He does not complain about the same, not having objected thereto in the trial court, but now says that the proof offered by the state does not meet the definition contained in the charge.

The charge read as follows: "A person is deemed intoxicated within the meaning of the law defining the offense charged against the defendant, when such person does not have the normal use of his physical and mental faculties by reason of the use of intoxicating liquor."

This court has held that such a definition is not necessary, but that giving one, substantially the same as shown above, is not error. Lockhart v. State, 108 Tex. Cr. R. 597, 1 S. W. (2d) 894. However, we call attention to the fact that the arresting officer testified, in part, as follows: "When I stood about one foot distant from Grooms I smelled liquor, Grooms was thick tongued and didn't talk coherently. I concluded that he was drunk."

Appellant's contention may best be answered by a proper realization of what determines the issue in a criminal case. The issue is determined by the indictment or information and appellant's plea thereto. The charge of the court cannot change or limit the issue thus joined.

Appellant's motion for rehearing is overruled.