**Michael Leroy THOMPSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 55444.**

Court of Criminal Appeals of Texas, Panel No. 2.

Dec. 6, 1978.

Harris E. Lofthus, Amarillo, for appellant.

Randall L. Sherrod, Dist. Atty., and Richard L. Wilcox, Asst. Dist. Atty., Canyon, for the State.

Before ODOM, PHILLIPS and DALLY, JJ.

### OPINION

PHILLIPS, Judge.

This is an appeal from a conviction for criminal trespass. Appellant was found guilty by the jury, and his punishment was assessed by the Court at 270 days in jail and a fine of $500.00.

Appellant was tried with his co-defendants Douglas Mark West and Dewayne Timothy West. The pertinent facts of appellant's case are identical to those of his co-defendants Douglas Mark West and Dewayne Timothy West, whose appeals were decided by this Court on June 28, 1978, in an opinion by Judge Odom, *West v. State,* 567 S.W.2d 515, and on November 1, 1978, in an opinion by Judge Roberts, 572 S.W.2d 712 (No. 54,962), respectively. The holding in these prior cases controls the disposition of this case.

We are confronted at the outset with fundamental error in the jury charge that requires reversal in the interest of justice. Article 40.09(13), V.A.C.C.P.

The complaint and information charged that appellant did:

". . . intentionally and knowingly enter and remain in a habitation, without the effective consent of Gail Maureen West, the owner thereof, the said MICHAEL LEROY THOMPSON having notice the entry was forbidden, . . . ."

In applying the law to the facts in the jury instructions the court charged:

"Now, bearing in mind the foregoing instructions, if you believe from the evidence beyond a reasonable doubt that the defendants, DOUGLAS MARK WEST, DEWAYNE TIMOTHY WEST and MICHAEL LEROY THOMPSON on or about the 9th day of April, 1976, in the County of Randall and State of Texas, did then and there unlawfully enter and remain in a habitation, without the effective consent of the said GAIL MAUREEN WEST, the owner, and the said DOUGLAS MARK WEST, DEWAYNE TIMOTHY WEST, and MICHAEL LEROY THOMPSON had received notice that the entry was forbidden, then you will find the said DOUGLAS MARK WEST, DEWAYNE TIMOTHY WEST and MICHAEL LEROY THOMPSON guilty as charged, but if you do not so find, or have a reasonable doubt thereof, you will find the defendant not guilty."

The indictment here properly alleged the culpable mental element of the offense; the charge to the jury, however, omitted this element of the offense. Failure to include in the jury charge all essential elements of the offense as alleged in the indictment constitutes fundamental error. *Shaw v. State,* Tex.Cr.App., 557 S.W.2d 305; *Peoples v. State,* Tex.Cr.App., 548 S.W.2d 893; *Long v. State,* Tex.Cr.App., 548 S.W.2d 897.

The judgment is reversed and the cause remanded.