Sammy Torres GARCIA, Appellant,

v.

The STATE of Texas, Appellee.

No. 58581.

Court of Criminal Appeals of Texas, Panel No. 1.

Feb. 13, 1980.

Rehearing Denied April 2, 1980.

**534**

Polk Hornaday, Harlingen, for appellant.

Selden N. Snedeker, Dist. Atty., and Reynaldo S. Cantu, Jr., Asst. Dist. Atty., Brownsville, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ODOM and W. C. DAVIS, JJ.

## OPINION

ONION, Presiding Judge.

This appeal is taken from a conviction for aggravated robbery. Punishment was assessed by the jury at twenty (20) years.

Upon review of the record, we find unassigned fundamental error in the court's charge which requires our review in the interest of justice under Article 40.09, § 13, V.A.C.C.P. Omitting its formal parts, the indictment in this cause alleges that on or about June 23, 1977, in Cameron County, Texas, appellant:

"did then and there unlawfully, intentionally and knowingly take, steal, appropriate, and carry away from the possession of Tranquilino Ramirez, the owner thereof, without the effective consent of said owner, corporeal personal property, to wit, money, belonging to said owner, with intent to deprive said owner of said property, and said defendant, in the course of committing the aforesaid theft, and with intent to appropriate and maintain control of said property, did then and there intentionally and knowingly threaten and place the said owner in fear of imminent bodily injury and death by then and there using and exhibiting a deadly weapon, to wit, a knife, which was then and there, in the manner of its use, capable of causing serious bodily injury."

We first point out that the allegation that appellant "did . . . take, steal, appropriate and carry away" the money in question was unnecessary to sufficiently allege the underlying offense of robbery. The statute merely requires a pleading and proof that the placing in fear was done "in the course of committing theft," which in turn is defined as "conduct that occurs in an attempt to commit, during the commission, or in immediate flight after the attempt or commission of theft." V.T.C.A., Penal Code § 29.01(1). Thus, there was no need for the redundant allegation of appropriation or taking that appears in the indictment.

However, we cannot treat this redundant language as mere surplusage. The effect of its presence in the indictment was to require the State to prove a *completed* taking, stealing, appropriation or carrying away, whereas the statutory language quoted above would have permitted a lesser showing, e. g., an attempted appropriation.

Unfortunately, the trial court's charge to the jury did not reflect cognizance of this fact. It authorized the jury to convict upon proof that appellant "did unlawfully appropriate *or attempt to appropriate* " the property from the victim (emphasis added). We have held on numerous occasions that a charge which authorizes conviction based on a theory not alleged in the indictment is fundamentally defective. *Cumbie v. State*, 578 S.W.2d 732 (Tex.Cr.App.1979), and cases cited therein.

Although the indictment was awkwardly worded, it did state an offense. However, based on the restrictive theory of commission of the offense alleged therein, we hold that fundamental error occurred when the court's charge enlarged upon that theory of culpability.

The judgment is reversed and the cause remanded.