**Rollie Dean SATTIEWHITE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 57823.**

Court of Criminal Appeals of Texas, Panel No. 3.

Dec. 5, 1979.

On Rehearing May 7, 1980.

Rehearing Denied July 9, 1980.

C. N. Rothe, San Antonio (court-appointed), for appellant.

Bill M. White, Dist. Atty., Sharon S. Macrae, James W. Blagg, and H. Wayne Campbell, Asst. Dist. Attys., San Antonio, Robert Huttash, State's Atty., Alfred Walker, Asst. State's Atty., Austin, for the State.

Before ODOM, PHILLIPS and W. C. DAVIS, JJ.

## OPINION

PHILLIPS, Judge.

Appeal is taken from a conviction for aggravated robbery. Punishment, enhanced by a prior conviction, was assessed by the court at imprisonment for 25 years.

Appellant contends, among other things, that the court's charge applying the law to the facts is fundamentally defective. We are constrained to agree.

The indictment in this case alleges that appellant

. . . did then and there intentionally and knowingly threaten and place MAXINE WONG, hereinafter called complainant, in fear of imminent bodily injury and death, by using and exhibiting a deadly weapon, namely: A GUN, while the said defendant was in the course of committing theft of property, namely: LAWFUL MONEY OF THE UNITED STATES OF AMERICA, from said complainant, the owner of said property, without the effective consent of the said complainant, and said acts were committed by the said defendant with the intent then and there to obtain and maintain control of the said property; . . .

In applying the law to the facts, the court charged the jury that they should enter a verdict of guilty if they found that appellant

. . ., while in the course of committing theft, and with the intent to obtain or maintain control of property, namely: lawful money of the United States of America, intentionally or knowingly threatened or placed Maxine Wong in fear of imminent bodily injury or death, and he used or exhibited a deadly weapon, namely: a gun, . . .

Appellant contends that the court's charge is fundamentally defective because it does not require the jury to find that appellant engaged in a theft of money "from said complainant, the owner of said property, without the effective consent of said complainant," as alleged in the indictment. Appellant did not object at trial to this portion of the charge.

It is fundamental error for a court to fail to charge the jury on an allegation in the indictment that is required to be proved. *Cumbie v. State*, 578 S.W.2d 732 (Tex.Cr.App.1979); *Thompson v. State*, 574 S.W.2d 103 (Tex.Cr.App.1978); *Moore v. State*, 84 Tex.Cr.R. 256, 206 S.W. 683 (1918). In *Moore*, we set forth the underlying proposition:

Wherever the indictment charges an offense, the facts and the charge of the court must conform to the charges contained in the indictment, and it is fundamentally wrong to authorize a conviction on any state of facts other than those which support the finding of the truth of the indictment.

The *Moore* rule has become firmly established in the criminal jurisprudence of this State. See *Moore v. State*, 140 Tex.Cr.R. 482, 145 S.W.2d 887 (1940); *Garza v. State*, 162 Tex.Cr.R. 655, 288 S.W.2d 785 (1956); *Morter v. State*, 551 S.W.2d 715 (Tex.Crim.App.1977); *West v. State*, 567 S.W.2d 515 (Tex.Cr.App.1978); *Cumbie v. State*, supra.

Here the offense alleged was aggravated robbery under V.T.C.A. Penal Code, Section 29.03(a)(2). This offense breaks down into the following elements, each of which must be included in the court's charge applying the law to the facts: (1) in the course of committing theft and (2) with intent to obtain and maintain control of the property (3) a person (4) intentionally or knowingly threatens or places another in fear of imminent bodily injury or death (5) by using or exhibiting a deadly weapon.

Clearly, it must be proven that the assaultive conduct took place while the de-

fendant was "in the course of committing theft," as the quoted phrase constitutes an element of the offense. We have so held. See *Reese v. State*, 531 S.W.2d 638 (Tex.Cr. App.1976); *Earl v. State*, 514 S.W.2d 273 (Tex.Cr.App.1974). The elements of the offense of theft need not be alleged in the indictment for robbery; however, to establish the commission of the offense it must be proven that an attempted theft or completed theft took place. *Davis v. State*, 532 S.W.2d 626 (Tex.Crim.App.1976); *Reese v. State*, supra; *Earl v. State*, supra. See the definition of the phrase "in the course of committing theft," V.T.C.A. Penal Code, Section 29.01(1).

The court's charge applying the law to the facts required the jury to find that the offense was committed "in the course of committing theft," as required by Section 29.03(a)(2), supra, and as alleged in the indictment. The indictment, however, went further to describe the theft as being committed against "said complainant, the owner of said property, without the effective consent of the said complainant." Thus the indictment alleged that (1) the property was stolen *from Wong*, (2) Wong was the owner of the stolen property, and (3) the stolen property was taken without Wong's effective consent. These allegations in the indictment were unnecessary; it would have been sufficient to allege, without more, than the assaultive conduct occurred "in the course of committing theft."

Once alleged, however, it was incumbent on the State to prove those allegations:

It is well established that where a person, place or thing necessary to be mentioned in the indictment is described with unnecessary particularity, all circumstances of description must be proven, *Smith v. State*, 107 Tex.Cr.R. 511, 298 S.W. 286 (1927), and cannot be rejected as surplusage, for they are thus made essential to the identity. *Maples v. State*, 124 Tex.Cr.R. 478, 63 S.W.2d 855 (1933). Thus, if the pleader makes unnecessary allegations descriptive of the identity of the offense charged, it is incumbent upon the State to establish such allegations by

evidence. *McClure v. State*, 163 Tex. Cr.R. 650, 296 S.W.2d 263 (1956). *Burrell v. State*, 526 S.W.2d 799 (Tex.Cr. App.1975). See also *Weaver v. State*, 551 S.W.2d 419 (Tex.Cr.App.1977); *Cohen v. State*, 479 S.W.2d 950 (Tex.Cr.App.1972); *Smith v. State*, 107 Tex.Cr.R. 511, 298 S.W. 286 (1927). The allegations in this case cannot be regarded as mere surplusage. Although unnecessary, the allegations are descriptive of "in the course of committing theft," which is an element of the offense charged. They describe the theft that had to be proven up in order to establish the offense of robbery. *Davis*, supra; *Reese*, supra.

Inasmuch as the allegations were descriptive of an essential element of the offense the State was required to prove them. The court failed to charge the jury on these allegations in the indictment that were required to be proved, and authorized the jury to convict appellant on a set of facts other than that alleged in the indictment. Fundamental error is presented. *Cumbie v. State*, supra; *Moore v. State*, 84 Tex.Cr.R. 256, 206 S.W. 683 (1918).

The judgment is reversed and the cause remanded.

Before the court en banc.

## STATE'S MOTION FOR REHEARING

CLINTON, Judge.

The issue in this cause is whether fundamental error attends failure of a trial court to include in that part of its charge to a jury applying the law to the facts certain factual details of the offense of theft that have been alleged in an indictment for aggravated robbery and proved up by the State. On original submission a panel of the Court, analyzing and resolving the problem in a fashion about to be discussed, found fundamental error in the omission.

First, the panel opinion posits a verity that it is fundamental error to fail to charge the jury on an allegation that is required to be proved. The opinion then compares the indictment with the charge and notes that certain allegations in the

former are not reflected by the latter. Finding allegations merely descriptive of the offense and, as such, not at all necessary to state the essential element of "in the course of committing theft," the panel invokes and relies on a line of cases holding that the State is required to prove factually those indictment allegations that are descriptive of an essential element of the offense. The descriptive allegations were proved by the State but do not appear in the charge of the trial court in applying the law to the facts. *Ergo*, holds the panel, fundamental error in the charge of the trial court.

To support much of its analysis and resolution of the problem the panel opinion applies what it perceived to be the teachings of a 1918 decision of the Court.

During the more than one hundred years of its tenure[1] this Court, like every conscientious appellate court, has endeavored to follow the ancient doctrine of "*stare decisis et non quieta movere* "—to adhere to precedents, and not to unsettle things which are established—and to reconcile and harmonize divergent applications of legal principle that inevitably are made from time to time. Today, impelled by a stoutly supported motion for rehearing vigorously advanced by the State, we are constrained to reexamine the *obiter dictum* that the panel opinion on original submission found "has become firmly established in the criminal jurisprudence of this State" in what the State char-

acterizes as "the landmark case on the subject." The recipient of such flattery is *Moore v. State*, 84 Tex.Cr.R. 256, 206 S.W. 683, 684 (1918) and its sixty two year old "rule" is:

"Wherever the indictment charges an offense, the facts and the charge of the court must conform to the charges contained in the indictment, and it is fundamentally wrong to authorize a conviction on any state of facts other than those which support the finding of the truth of the indictment."

The quoted language appears near the end of the opinion reversing the judgment for various "reasons indicated," at least four of which are articulated above the statement of the "rule." While they fault the charge for one defect or another, the common notion throughout is that the grand jury, having alleged that Moore received the stolen cattle from a party unknown, imposed on the State the burden of proving that it did not know, and could not have ascertained by reasonable diligence, from whom Moore received the stolen cattle; yet on trial the State failed to sustain the grand jury and by its evidence showed that Moore received them from his brother. Essentially, then, the problem of proof spawned several reasons for reversal, and the "rule" pronounced is only peripherally implicated and not at all necessary to decide the case.[2] It is, as earlier characterized, *obiter dictum*.

---

1. The genesis of this Court is in the 1876 Constitution of the State of Texas, its original Section 4 of Article V that created the former Court of Appeals; the Court was transformed to the Court of Criminal Appeals by constitutional amendment adopted in 1891. See Article V, Section 4, Constitution of the State of Texas and accompanying Interpretive Commentary, 2 Vernon's Constitution 48. This Court was legislatively established by Acts 1892, p. 34, now Article 1801, *et seq.*, V.A.C.S. It has been in business ever since.

2. The opinion was written by then Presiding Judge W. L. Davidson, a distinguished jurist who served the Court from February 5, 1891 to January 25, 1921. Characteristically parsimonious in citing cases for a matter he deemed rudimentary, he mentions only one near the end, *Grant v. State*, 59 Tex.Cr.R. 123, 127 S.W.

173 (1910), and it pertains to a fatally defective charge.

Earlier in forming the posture of the case, however, Judge Davidson summarized the evidence "because it bears upon *the question* of the action of the grand jury in failing to charge the name of the party from whom the property was received . . . if the facts should be sufficient to constitute that offense *as well as* upon the charge of the court," *Moore*, supra at 683. He then proceeds to point out that the proof adduced by the State is not that alleged by the grand jury—"the evidence would not have [supported] the allegation that they were received from some unknown person"—and to opine that a correct charge was to authorize an acquittal. In another vein, pointing out that the charge "left the jury to find him guilty if he received it [stolen property] from any one, known or unknown," Judge Davidson describ-

We pause to observe that, despite the encomiums accorded *Moore*, the headnote assigned to the quoted language of the "rule" has been revisited by the Court only some four times.[3] In each, except the *West* duo, the fatality found in the charge is that it authorized a conviction upon finding an alternative mode of committing the offense that was not alleged in the accusatory instrument—one of the several vices that corrupted the charge in *Moore*;[4] in none, however, is the rationale for the "rule" explained.

Accordingly, the *Moore* "rule" does not particularly commend itself for that degree of respect implicit in following the doctrine of *stare decisis*. Therefore, we are permitted more than the usual liberty in reexamining it to determine its meaning and fix the perimeter of its application.

The aspect of *Moore* and its limited progeny that concerns us[5] is that feature of a jury charge that through omission or commission enlarges on allegations of the indictment to the extent of permitting a finding of guilt "on any state of facts other than those which support the finding of the truth of the indictment," *Moore*, at 684. Why is that feature fundamentally wrong?

Early on, with supportive authority, *Tooney v. State*, 5 Tex.App. 163, at page 192 (Ct.App.1878) explained:

"The charge must conform to and correspond with the allegations. To go outside and beyond them, in submitting other issues, is not only calculated to mislead the jury, but also calculated to injure the rights of the defendant by making them depend on matters he could not be prepared to meet, *because he was not notified that they would be urged against him*. *Coney v. State*, 43 Tex. 414; *Kouns v. State*, 3 Tex.App. 13; *Ferguson v. State*, 4 Tex.App. 156."

While still a member of the Court of Appeals, Judge Davidson wrote on the general proposition under investigation in *Whitcomb v. State*, 30 Tex.App. 269, 17 S.W. 258, giving a simple reason for sustaining it.[6] But not until *Grant v. State*, supra, at note 2, so far as we have discovered, did he expound on a principled basis for it, as follows:

". . . It is the law in Texas that, in order to convict a party of a crime, he must be charged with an offense, and

ed it *"fundamentally wrong."* Still, at the point, he has not pronounced the *Moore* "rule." It comes three headnotes later. (All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.)

**3.** *Gooden v. State*, 140 Tex.Cr.R. 347, 350, 145 S.W.2d 177, 178 (1940): indictment alleged burglary with intent to commit theft; charge authorizing conviction for burglary with intent to commit a felony or the crime of theft is fundamental error; *Morter v. State*, 551 S.W.2d 715, 718 (Tex.Cr.App.1977): indictment alleged conduct that caused serious bodily injury; charge authorizing conviction for conduct that caused serious bodily injury, serious physical deficiency or impairment, or deformity is fundamental error; *Key v. State*, 555 S.W.2d 753, 755 (Tex.Cr.App.1977): information alleged securing performance of service by false token; charge authorizing conviction for securing performance of service by deception, threat, or false token is reversible error upon timely and proper objection to charge; *West v. State*, 567 S.W.2d 515, 516–517 (Tex.Cr.App.1978) and *West v. State*, 572 S.W.2d 712, 713 (Tex.Cr. App.1978): information alleged culpable mental states of intentionally and knowingly criminally trespassing; charge authorizing conviction for unlawfully criminally trespassing, omit-

ting the culpable mental state element of the offense, is fundamental error. Most recently *Cumbie v. State*, 578 S.W.2d 732, 733 (Tex.Cr. App.1979) alluded to *Moore* for the proposition that omitting from the charge an allegation "which is required to be proved" is fundamental error.

**4.** After quoting the charge that was given, the opinion in *Moore* points out that it "does not comply with the count charging the reception of the cattle from an unknown owner, but it left the jury to find him guilty if he received it from any one, known or unknown. We think this charge is fundamentally wrong," *id.* at 684.

**5.** Based on other "reasons indicated" the result in *Moore* is clearly correct.

**6.** "It is elementary that the charge should be confined to and limited by the allegations contained in the indictment. Where there are several ways of violating the same statute, and the pleader has selected one of these, he must rely upon that selection, and the charge of the court must conform thereto, *because that constitutes the issue to be tried*," *id.*, at 259.

that conviction must be predicated upon the charge in the indictment, and the facts must support and correspond with the allegations of said indictment. It has not been held that a party may be charged with one offense, and on trial be convicted of an entirely different offense. To sustain this conviction would be to hold that a party could be convicted of a felony without an indictment preferred by a grand jury. This would be directly violative of section 10 of the Bill of Rights."

Of course, the office and purpose of an indictment are "*to notify* one of the offense with which he is charged, and the elements thereof, that he may properly prepare his defense . . .," *Zweig v. State*, 74 Tex. Cr.R. 306, 171 S.W. 747, 753 (1914). Thus, in *Grant*, consistent with the teaching of *Tooney v. State*, supra, Judge Davidson was insisting that adequate notice to the accused is the touchstone of a valid conviction—notice that is first imparted by the accusatory instrument, then conformably effectuated by the evidence and, in a sense, reflected by the charge to the jury.[7]

In *Moore*, after finding other aspects of the charge erroneous, Judge Davidson pointed out that the case charged in the indictment is that the grand jury did not know or could not ascertain by reasonable diligence from whom the stolen cattle were received, and he then explained:

".  .  . In order to obtain a conviction under such allegations it must be shown and the charge must limit the consideration of the jury to such state of case. Under the court's charge appellant could have been convicted for receiving the cattle from anyone, known or unknown."

He then went on to attribute to the grand jury the contrary knowledge that the cattle were received by appellant from this brother and to lay down the *Moore* "rule" under investigation. Because in this segment of his opinion Judge Davidson paraphrased

and cited only *Grant*, we are justified in concluding that the "rule" he pronounced prohibits conviction on "any state of facts" of which the accused has not been effectively notified.

This conclusion is fortified by like results being reached in similar situations of those cases which have specifically cited the *Moore* rule, again except the *West* twins, as outlined *ante*, note 3. Moreover, this conclusion is not weakened by an accurate assay of the cases cited by the panel opinion on original submission to demonstrate that the *Moore* "rule" has become firmly established in our jurisprudence. We review them now seriatim.

In the other *Moore v. State*, 140 Tex. Cr.R. 482, 145 S.W.2d 887 (1940), which does not cite *Moore*, the accused challenged propriety of the charge through objections and exceptions. They were found to be good by the Court and from that posture the conviction was reversed—fundamental error not being in the case. This very point was made on rehearing in *May v. State*, 146 Tex.Cr.R. 115, 171 S.W.2d 488, 490 (1943) but, more significantly, the reasoning of the second *Moore*, supra, was repudiated, Judge Graves recanting his own opinion and distinguishing the principle followed in *Gooden*, supra, in note 3, thusly:

".  .  . The allegation of an offense is complete when a failure to stop is set forth; and the failure to render aid is but another and further allegation of a *method* of violating such law. The failure to render aid is not a necessary allegation, and if descriptive at all of the offense, is merely a further and additional method of the violation of the statute. We can eliminate the portion of the charge relative to rendering aid, and we still find the proof not only uncontradicted but admitted by the appellant that he failed to stop after having struck this boy."

---

7. "The charge must set forth distinctively the law applicable to the case. By the expressions 'the law applicable to the case,' and 'the law of the case,' are meant the law applicable to the case as made by the proofs—the law applicable to the pleadings and the evidence. The charge must conform to, and be limited by, the allegations in the indictment, and also by the evidence," note 101 to Article 36.14, V.A.C.C.P., 3 V.A.C.C.P. 173.

This same rationale was applied in overruling a second motion for rehearing, the expressed notion being that "when the jury found that appellant did not stop, his guilt of the offense charged in the indictment was established," *id.* at 491. Thus, *May* devastatingly undermines any precedential status of the second *Moore* opinion.

*Garza v. State,* 162 Tex.Cr.R. 655, 288 S.W.2d 785 (1956) involved the accusation of possession of *beer* in a dry area for the purpose of sale. The charge of the court authorized conviction if the jury found that appellant possessed more than twenty four *bottles* having a capacity not exceeding twelve ounces each in a dry area; without objection or exception that charge was submitted, although plainly the trial court did not require the jury to find that the bottles possessed by Garza contained *beer.* While the Court did allude to the *Moore* statement that an exception is not required where the charge authorizes a conviction for "any offense other than that charged," manifestly the conviction was reversed because a finding of possession of bottles does not constitute any offense whatsoever—the very question posed in and answered by the opinion, *id.* at 787. The *Moore* "rule," although mentioned, was not the turning point of the decision in *Garza.*

*Morter v. State,* 551 S.W.2d 715 (Tex.Cr. App.1977) arose from an indictment for "causing serious bodily injury" to a child. Appellant was shown to have burned the stomach of a six year old child with a hot frying pan but, as to severity of that injury, the only testimony came from a physician who opined that it did not create a substantial risk of death, serious permanent disfigurement or protracted loss or impairment of the function of any bodily member or organ. Nevertheless, the trial court authorized the jury to convict if it found that Morter "engaged in conduct that caused serious bodily injury, serious physical deficiency or impairment, or deformity" to the child. Citing, *inter alia, Moore* and *Garza,*[8] supra, the Court held that permitting a conviction on findings which may constitute some other offense but not the offense charged is fundamental error. Again, the clear fundamental defect here is that, since the proof fell short of the offense alleged in the indictment, to convict on evidence that supported some other offense denied the accused notice that he was being tried for and could be convicted of the latter offense. In this vein, *Morter* correctly interprets and applies the "any [other] state of facts" dictum of *Moore.*

*West v. State,* 567 S.W.2d 515 (Tex.Cr. App.1978) has also been summarized *ante* in note 3. The defect there was one of omission: the charge did not require the jury to find, as an element of the offense, either culpable mental state alleged in the indictment. Judge Odom, writing for a panel of the Court, found it well established "that a jury charge is fundamentally defective if it authorizes conviction on a *theory* not supported by the indictment," citing, e. g., *Morter,* supra, and noting its approving quote of the language of the *Moore* "rule." He further categorized *Morter, Moore* and others cited[9] as cases in which "fundamental error in the charge occurred by submission of means of committing the offense not alleged in the indictment." Logically then, Judge Odom suggested, "failure of the charge to require the jury to find *all elements* of the offense alleged would be

---

8. As already demonstrated, however, the true *ratio decidendi* of *Garza* is that the charge simply permitted a conviction on conduct that was not a penal offense—possession of bottles.

9. *Shaw v. State,* 557 S.W.2d 305 (Tex.Cr.App. 1977): charge authorized conviction for a burglary on a theory not alleged; *Peoples v. State,* 548 S.W.2d 893 (Tex.Cr.App.1977): garbled charge authorized conviction for forgery by making but told the jury to find guilty of forgery by passing, without submitting the elements of the latter offense which was what

was alleged; *Long v. State,* 547 S.W.2d 638 (Tex.Cr.App.1977): charge authorized conviction for theft by obtaining and exercising control over known stolen property when theory alleged was theft by obtaining or exercising control over property of another unlawfully. In none is the evidence summarized so we are unable to discern the state of the case in that respect, but otherwise each is a classic conviction without notice of the basis on which the charge permitted a finding of guilt.

equally defective, because such a charge would likewise fail 'to conform to the charges contained in the indictment'." Accordingly, the *West* panel concluded that "[f]ailure to include in the jury charge *all essential elements* of the offense as alleged in the indictment constitutes fundamental error . . ." [10]

Finally, the panel opinion on original submission cited *Cumbie v. State*, 578 S.W.2d 732 (Tex.Cr.App.1979) for two precepts: one, that it is fundamental error to fail to charge the jury on an allegation in the indictment that is "required to be proved" [11] and, two, that the *Moore* "rule" has become firmly established in the criminal jurisprudence of Texas. *Cumbie* reads *Moore* to hold that the fundamental defect in that charge was its failure to require the jury to finds that Moore received stolen property from "some party to the grand jurors unknown;" but, as explained generally and pinpointed in note 4 *ante*, the real evil perceived by Judge Davidson was that in this respect the charge authorized the jury to convict if it found that Moore received the cattle "from anyone, known or unknown," thereby permitting conviction on a theory which enlarged on the indictment and of which Moore had no notice through the indictment. Moreover, while the collection of cases in *Cumbie* is helpful and illustrative, its actual holding in this regard is that a charge that describes the resultant state of fear as "imminent bodily injury or death" does not fatally enlarge on an allegation of fear of "imminent bodily injury" in an aggravated robbery indictment.

Thus, what we glean from our reading of *Moore*, examining the four cases that have relied on its "rule" and understanding the authorities cited in the panel opinion on original submission is that the "other state of facts" standard pronounced by Judge Davidson was designed to ensure that an accused not be convicted of an offense unless he had been effectively given adequate notice through accusatory allegations and proof of its essential elements and the legal theory advanced by the State for conviction

**10.** Not included by the panel opinion on original submission among its cited progeny of *Moore* is *Thompson v. State*, 574 S.W.2d 103 (Tex.Cr.App.1978), a companion case to the *West* duo, mentioned *ante* in note 3. The operative rule that produced for Thompson the same results achieved by the West brothers was said to be: "Failure to include in the jury charge *all essential elements of the offense* as alleged in the indictment constitutes fundamental error." But, without mentioning *Morter* and *Moore*, the authorities relied on in *Thompson* are the remaining three in *West* that Judge Odom cited for the well established proposition "that a jury charge is fundamentally defective if it authorizes conviction on *a theory* not supported by the indictment." It would appear, then, that the *Thompson* panel, which included Judge Odom, was satisfied that omitting an essential element of the alleged offense is enough to present a theory not charged in the indictment.

**11.** The statement of the first precept is so broad that it is susceptible to misunderstanding and erroneous application. The key to its construction is a correct determination of which allegations in an indictment must be proved, for not every averment is "required to be proved." In a robbery case, formerly, "it is not necessary to prove that all the property alleged was taken and proof of the taking of any part thereof is sufficient," 5 Branch's 2d 23, § 2589. Nor is it always necessary that every allegation

that is proved be mirrored in the charge, *May v. State*, 146 Tex.Cr.R. 115, 171 S.W.2d 488, 490–491 (1943), or reversible error if it is not, *Booker v. State*, 523 S.W.2d 413, 416 (Tex.Cr. App.1975). On the other hand, in each case cited in *Cumbie* for support of the proposition, the law required the allegation of fact in the indictment, proof of it during trial and applying the law to it in the charge of the court: *Moore v. State*, 84 Tex.Cr.R. 256, 206 S.W. 683 (1918) because, if it did not know, the grand jury must allege that stolen property was received by the accused from a party unknown as required by what is now Article 21.08, V.A.C.C.P.; *Garza v. State*, 162 Tex.Cr.R. 655, 288 S.W. 785 (1956) because possession of bottles without finding they contained beer for sale in a dry county is not an offense; *Windham v. State*, 530 S.W.2d 111 (Tex.Cr.App.1975) because assault with a knife does not reach the element of aggravation unless the knife is proved and found to be a deadly weapon; *West v. State*, 567 S.W.2d 515 (Tex.Cr.App.1978) because one is not guilty of criminal trespass unless committed with an appropriate culpable mental state—an essential element of the offense. In sum, the statement is not to be understood to mean that in applying the law to the facts the charge of the court must in every case set out in *haec verba* the factual allegations of an indictment that are supported by evidence.

that are imparted to the jury in that part of the charge of the court applying the law to the facts. *If not otherwise faulty*, a charge of the court that requires the jury to find each essential element of the offense charged and comports with the legal theory presented by the State through evidence that proves every factual allegation made in the charging instrument is not fundamentally defective, for the accused has been apprised of everything that due process and due course of law mandate.

■ In the instant case the indictment alleged and the proof showed that appellant engaged in conduct that constituted every essential element of aggravated robbery while he was in the course of committing theft of property "from said complainant, the owner of said property, without the effective consent of said complainant." [12] The charge of the court in applying the law to the facts required the jury to find every essential element of the offense of aggravated robbery alleged consonant with the legal theory developed by the evidence adduced by the State; that is that appellant ". . . while in the course of committing theft and with the intent to obtain or maintain control of property, namely: lawful money of the United States of America, intentionally or knowingly threatened or placed Maxine Wong in fear of imminent bodily injury or death, and that he used or exhibited a deadly weapon, namely: a gun. . . ."

That this part of the charge does not include certain details of the underlying offense of theft alleged in the indictment and proved by the State, viz: "from said complainant [Maxine Wong], the owner of said property, without the effective consent of said complainant," is not enough to render it fatally defective. *Trostle v. State*, 588 S.W.2d 925, 930–931 (Tex.Cr.App.1980); *Frank v. State*, 558 S.W.2d 12, 15–16 (Tex. Cr.App.1977); *May v. State*, 146 Tex.Cr.R. 115, 171 S.W.2d 488, 490–491 (1943); *Layman v. State*, 126 Tex.Cr.R. 533, 73 S.W.2d 97, 98 (1934). Even where an objection to the charge calls attention to absence of such factual details, the omission is deemed harmless, e. g., *Booker v. State*, 523 S.W.2d 413, 416 (Tex.Cr.App.1975) and *Turner v. State*, 462 S.W.2d 9, 15 (Tex.Cr.App.1969), but see *id.* at 22 [13] (Dissenting Opinion).

■ As we now construe the *Moore* "rule," the charge does not present fundamental error.[14] Accordingly, the first ground of error must be overruled.

---

12. In stating from the indictment alleged that "(1) the property was stolen *from Wong* . . and (3) the stolen property was taken without Wong's effective consent" (emphasis in original), the panel opinion erroneously suggests an accomplished theft. The allegation is that appellant "was in the course of committing theft" and the proof is that he did not successfully complete the course. The owner of the store, a Chinese, produced a handgun and hollered at appellant that his cashier did not have any money so, he testified, "The robber got nothing. He just looked, he just backward." The cashier testified that money was not taken. Thus, unlike our recent opinion in *Garcia v. State*, 595 S.W.2d 533 (Tex.Cr.App.1980) to which alert but mistaken appellate counsel calls our attention, neither the indictment alleges nor the proof shows a completed theft here.

13. Citing *Grooms v. State*, 156 Tex.Cr.R. 504, 244 S.W.2d 229 (1951) for the proposition that the issue in a criminal case is determined by the indictment or information and the plea or pleadings of the accused and, as thus joined, cannot be changed or limited by the charge of the court to the jury. The statement in *Grooms* is made *sans* authority. But the notion is what Judge Davidson had in mind when in *Grant v. State*, supra, at 174, he distinguished fundamental and excepted error in a charge of the court: "It has not been held that a charge which authorized the conviction of a party for an offense with which he is not charged comes within the purview of article 723 (predecessor to Article 36.19, V.A.C.C.P.). The article has been construed to mean that, in order to have errors in the charge considered, such charge must apply to some issuable fact in the case." Such is also the rationale of *Trostle v. State*, supra, at 931.

14. Where the charge of the court applying the law to the facts correctly requires the jury to find every essential element of the offense alleged in the indictment and comports with the legal theory presented by the State through evidence that proves every factual allegation made in the charging instrument, an accused who perceives some error of omission in failure of the charge to reflect one or more factual details averred must call the matter to the attention of the trial court pursuant to Articles 36.14, 36.15 or 36.16, V.A.C.C.P. for a determination of whether corrective action is appropri-

In his second ground of error appellant attacks papers purporting to show a prior conviction used for enhancement of punishment. Ungratefully he asserts in effect that in undertaking to reduce punishment previously assessed the trial court erred in its paperwork. We now trace what happened some nine years ago.

On a day in June 1971 the trial court rendered and entered a facially correct judgment assessing punishment at ten years confinement for the offense of robbery by assault to which appellant had pled guilty; in July the trial court pronounced and entered a sentence of confinement for not less than five nor more than ten years. Some forty days thereafter in August after a hearing, with the State appearing through its district attorney and appellant appearing in person and by his attorney, and for reasons stated therein, the trial court rendered and entered an order that set aside the July sentence and amended the June judgment to assess punishment at five years confinement—the minimum prescribed by law for the offense. Then, time having been waived, the trial court rendered and entered an otherwise impeccable sentence of confinement for five years, reciting that it was based on the judgment of the court as amended by its order entered that same day.

Needless to say, the record does not show then nor does appellant now assert that he objected or otherwise took exception to the reduction of five years confinement. Of course, he did not appeal from the conviction. What he objected to below was admitting and giving consideration to the 1971 judgment, order and sentence.

■ That our ungracious appellant may make this kind of indirect attack of the 1971 papers, having failed to appeal that conviction, is most doubtful. *Gates v. State*, 471 S.W.2d 857 (Tex.Cr.App.1971). As a consequence of the paperwork he now

finds to be faulty, appellant says the end result is that there has never been a final sentence based upon a valid judgment because, as he analyzes the situation, the order "does not qualify as any type of judgment although it does qualify as an order setting aside the sentence." Had this analysis been presented to this Court on direct appeal from the 1971 conviction, whether the order was a nullity in one respect but quite effective in another would have been decided, although we are not disposed to determine now what the decision would have been. Suffice it to say that appellant does not contend the initial judgment is void—indeed, it is not—so the court was empowered to reform one or the other sentence to conform to that judgment, e. g., *Turner v. State*, 485 S.W.2d 282, 283 (Tex. Cr.App.1972) and cases cited in note 1. Appellant may not now require this Court to exercise the power he did not invoke in 1971. The ground of error is overruled.

■ By his final ground of error appellant faults the trial court for refusing to charge on circumstantial evidence in that the "sole issue" was identity of the loosely masked armed intruder and the testimony, as he reviews it, was totally circumstantial in resolving that issue. For its part, the State points to "direct proof of identity by three witnesses." Without reviewing all of it, although it has been carefully read and studied, we are impressed by the undisputed fact that one of the witnesses, who had known appellant for eighteen years and had seen him in the very store about six days before his abortive robbery, recognized his voice; she promptly named appellant as the perpetrator when peace officers arrived on the scene.[15] Another witness had seen appellant in the store ten or twenty times, characterized him as a regular customer and detected his eyes and nose through the

___

ate, in order to preserve the point for review under a ground of error in his appellate brief. This because, *unless otherwise faulty*, the charge thus described does not present fundamental error.

15. When asked if the assailant might have been someone else, the witness responded, "If I live to be a hundred, I don't think so." She also described the hands, body frame and height of appellant as indicia of her identifying him.

loose mask he was wearing.[16] Another Chinese, similarly able to see facial features of the intruder, testified in an apparent reference to appellant in the courtroom, "This the same him," and he looked to be "same person." The testimony alluded to is quite enough direct evidence to render a circumstantial evidence charge inappropriate. *McInturf v. State*, 544 S.W.2d 417 (Tex.Cr. App.1976); *Welch v. State*, 143 Tex.Cr.R. 529, 154 S.W.2d 248, 251, 253 (1941); cf. *Smiley v. State*, 87 Tex.Cr.R. 528, 222 S.W.2d 1108 (1920). The third ground of error is overruled.

Accordingly, the State's motion for rehearing is granted and, since reversible error is not shown, the judgment of conviction is affirmed.

DALLY, J., concurs in the result.

PHILLIPS, Judge, dissenting.

I congratulate Judge Clinton on his thorough research of the applicable caselaw. He has not left a case unturned. I earnestly submit, however, that under the guise of interpreting the rule in *Moore* the majority simply misapplies that rule. I submit that the rule was intended to mean and in fact means exactly what it says: *that it is fundamental error to authorize a conviction on any state of facts other than those alleged in the indictment.*

This Court in *Moore* was expressly concerned that the jury was authorized, under the court's charge, to convict the defendant for receiving stolen cattle from someone known, rather than from "some party to the grand jurors unknown," as alleged in the indictment. Although there was evidence adduced that the defendant received the cattle from his brother, the court did not rely on this fact to show that the defendant had been harmed. Rather, the Court in deciding the case clearly set forth the error as fundamental, and rested its decision on that basis. To illustrate, I quote extensively from *Moore*:

It will be observed [the charge] does not comply with the count charging the reception of the cattle from an unknown owner, *but it left the jury to find him guilty if he received it from any one, known or unknown. We think this charge is fundamentally wrong.*

*A conviction cannot be authorized for an offense not set forth in the indictment.* If the grand jury did not know, or could not ascertain by reasonable diligence, from whom the cattle were received, it is proper to make such allegation, but that is the case charged in the indictment. In order to obtain a conviction under such allegations it must be shown and the *charge must limit the consideration of the jury to such state of case. Under the court's charge appellant could have been convicted for receiving the cattle from any one, known or unknown* . . .

\* \* \* \* \* \*

Wherever the indictment charges an offense, the facts *and the charge of the court must conform to the charges contained in the indictment, and it is fundamentally wrong to authorize a conviction on any state of facts other than those which support the finding of the truth of the indictment.*

*It is error of a fundamental nature to authorize a conviction for any other offense than that charged, and this is true whether there was an exception reserved or not to the action of the court in so charging the jury. Grant v. State,* 59 Tex.Cr.R. 123, 127 S.W. 173. [emphasis added]

This language in *Moore* fails to support the majority's qualified version of the rule— that a conviction is prohibited on any state of facts "of which the accused has not been effectively notified."

I further submit that, other than in *May v. State*, 146 Tex.Cr.R. 115, 171 S.W.2d 488 (1943), this Court without exception has read *Moore* to stand for the basic proposition that the court in charging the jury, is

16. A Chinese, testifying through an interpreter, asked *on cross examination* about the possibility that "another black man wearing a mask could have been the person who came in the store," she observed, "The other people don't have the same eyes like his."

bound by the allegations of the indictment. In all cases in which the *Moore* rule has been applied this Court has been concerned with the enlargement of the defendant's criminal responsibility beyond what is specifically alleged in the indictment. See e. g. *Cumbie v. State*, 578 S.W.2d 732 (Tex.Cr. App.1979); *West v. State*, 567 S.W.2d 515 (Tex.Cr.App.1978); *Morter v. State*, 551 S.W.2d 715 (Tex.Cr.App.1977); *Garza v. State*, 162 Tex.Cr.R. 655, 288 S.W.2d 785 (Tex.Cr.App.1956). In none of these cases has this Court looked for harm, and for good reason—it is the essence of fundamental error that harm need not be shown.

Viewing the *Moore* rule for what it is, the instant case clearly falls within the ambit of that rule. In principle and in fact, this case is indistinguishable from *Moore* and the above-cited cases that have relied on *Moore*. As in those cases, the court's charge in this case authorized the jury to convict appellant on a set of facts other than those alleged in the indictment. It also should be remembered that the State was *bound to prove* those allegations under our well-established caselaw. See *Burrell v. State*, 526 S.W.2d 799 (Tex.Cr.App.1975), and the other cases cited in my opinion on original submission.

In fashioning the new rule that it does today, the majority is arbitrarily drawing the line on fundamental error in the court's charge. The new rule conveniently includes within its sweep recent fundamental error cases, yet, without a logical basis, excludes the instant case. As an example of future problems that will be incurred in applying this new rule, I point to *Garcia v. State*, 595 S.W.2d 533 (Tex.Cr.App.1980). The majority distinguishes that case from the instant case, yet the cases are indistinguishable. The indictments in both cases unnecessarily overallege the element "in the course of committing theft," thus limiting, as a factual matter, what the court can charge the jury with respect to the offense. The charges in both cases allege all the essential elements of the offense, and confine themselves to the legal theory set forth in V.T. C.A. Penal Code, § 29.03(a)(2). Both charges enlarge the defendant's criminal responsibility by failing to conform to the limitations imposed by the unnecessary allegations. Yet under the majority view *Garcia* falls within the new rule and this case does not. This plainly is inconsistent.

Finally, even assuming that the new rule is based on an arguable interpretation of *Moore* and its successors, I do not believe it will adequately protect the rights of defendants. The new rule requires, among other things, that the State produce evidence "that proves every factual allegation made in the charging instrument." The new rule fails to require that *the evidence exclude any set of facts other than that alleged in the indictment.* What if the jury is presented with conflicting evidence, some of which comports with the allegations of the indictment and some of which does not? Under the new rule a charge that allowed the jury to convict the defendant for acts not alleged in the indictment would not be fundamentally defective. A lawless verdict, the overriding fear of *Moore* and its successors, would result.

The opinion on original submission correctly applied the *Moore* rule as that rule consistently has been applied by this Court. The rule represents sound law and should be followed. If the members of the majority desire to do away with the rule, however, I suggest to them that *Moore* must be overruled.

I respectfully dissent.